# MARCH 21, 1951

RAYMOND HOPSON v. GULF OIL CORPORATION.

No. A-2868. Decided February 21, 1951.
Rehearing overruled March 21, 1951.
(237 S. W., 2d Series, 352.)

2

*Adams, Browne & Sample* and *Ernest L. Sample,* all of Beaumont, for petitioner.

The trial court erred to the prejudice of plaintiff in sustaining defendant's motion for judgment notwithstanding the verdict and in disregarding the jury's finding on the special issue that there was no evidence to support such finding, and the Court of Civil Appeals erred in affirming such judgment. C. H. Mallory & Co. v. Smith, 76 Texas 262, 13 S. W. 199; Collins v. Pecos & N. T. Ry. Co., 110 Texas 577, 212 S. W. 477; Bailey v. Central Vermont Ry., Inc., 319 U. S. 350, 63 Sup. Ct. 1062, 87 L. Ed. 1444; Wilkerson v. McCarty, 336 U. S. 53, 69 Sup. Ct. 413, 93 L. Ed. 497.

*King, Sharfstein & Rienstra* and *John H. Land,* all of Beaumont, for respondent.

The Court of Civil Appeals was correct in its holding that the petitioner's objections to the conditional submission of the special issue as to whether respondent's act in allowing the greasy substance to be on the deck of the vessel was negligence were not sufficiently specific to point out to the trial court the errors complained of, as it was not error to conditionally submit said issue as a matter of law, since there was no evidence that defendant was negligent in allowing the greasy substance to be on the deck or that such negligence was the proximate cause of the injury. Doty v. Fort Worth & D. C. Ry. Co., 127 Texas 521, 95 S.W. 2d 104; Tishar v. Nicodemus, 49 Fed. Sup. 145; The Osceola, 189 U.S. 158, 23 Sup. Ct. 483, 47 L. Ed. 760.

MR. JUSTICE SMEDLEY delivered the opinion of the Court.

Petitioner, a seaman on respondent's tanker, filed this suit against respondent for recovery under the Jones Act, Title 46, Section 688, U.S.CA., of damages for injuries suffered by him on account of alleged negligence of respondent, and petitioner sued also for maintenance and cure. After a jury verdict, which found negligence on the part of respondent proximately causing petitioner's injuries and an amount for damages, the trial court rendered judgment, notwithstanding the verdict, that petitioner take nothing by his suit for damages and that he have judgment against respondent in the sum of $2700.00 for maintenance and cure.

The Court of Civil Appeals (237 S.W. 2d 323) affirmed the trial court's judgment, except that it required a remittitur reducing the award for maintenance and cure to $1876.80. No question is presented in this Court with respect to the judgment for maintenance and cure.

4

By the terms of the Jones Act under which this suit is brought, petitioner's action is for damages at law, the right of action being for injury or death resulting in whole or in part from the negligence of any of the officers, agents or employees of the ship or by reason of defects or insufficiency, due to its negligence. This is by reason of the incorporation into the Act of the provisions of the Federal Employers' Liability Act, Title 45, Section 51 U.S.C.A. Premeaux v. Sacony-Vacuum Oil Co., 144 Texas 558, 564, 192 S. W. 2d 138; Baltimore Steamship Company v. Phillips, 274 U. S. 316, 47 Sup. Ct. 600, 71 L. Ed. 1069, 1073; Jacob v. City of New York, 315 U.S. 752, 62 Sup. Ct. 854, 86 L. Ed. 1166, 1169.

Petitioner was employed as a "wiper" on respondent's tanker. He worked under the direction of the ship's first assistant engineer. When the ship was about two days out of port petitioner was directed by the first assistant engineer to empty several drums of oil into a pipe on the deck that carried oil to the engine room. He and two other "wipers" rolled the drums of oil from the forward part of the ship to the stern of the ship, where the oil was to be poured through the pipe into the engine room. After the drums had been rolled to the place where they were to be emptied the first assistant engineer called the other two "wipers" away and left petitioner there by himself to empty the drums. The drums were of steel, held from 50 to 55 gallons of oil, and when full weighed from 350 to 400 pounds. There was a device for lifting the drums described as a "chain fall". A chain called a "barrel sling" was attached to the ends of the drum by hooks and the "barrel sling" was placed on a hook at the end of the "chain fall", the chains being so arranged that the drum could be raised from the deck merely by pulling the chain on the "chain fall". Attached to one end of the drum was a pipe with an elbow in it and a union on the elbow, which, when the drum was lifted, would be fitted to the pipe that ran into the engine room.

The first assistant engineer told petitioner how to "rig up the chain hoist and attach the barrel sling and lift the drum and attach it onto the pipe in the deck." Petitioner had never before done that kind of work. He had emptied two or three of the drums and was engaged in emptying the third or fourth when he was injured. After all of the oil, except eight or nine gallons, had run out of the drum, he began to lift the end of the drum so that the oil that was left in the drum would run into the pipe, and while he was lifting it his foot slipped and he fell to the deck, suffering the injuries on account of which he sues.

Petitioner testified that he was lifting about 70 or 80 pounds, including the drum and the oil remaining in it. After he fell he discovered that he had slipped on a spot of grease about four to six inches in diameter. The end of the hanging drum was over the spot of grease and he had not seen it before he fell. He did not know where the grease came from or how long it had been on the deck.

In answer to special issues the jury found that respondent failed to furnish petitioner assistance in emptying the drums of oil, that its failure to do so was negligence, and that the negligence was a proximate cause of petitioner's injuries. These findings were disregarded by the trial court in rendering judgment that petitioner take nothing by his suit for damages; and the Court of Civil Appeals, while holding that there is evidence to support the first two of the findings, held that the finding as to proximate cause is wholly without support in the evidence.

■ There is evidence that respondent failed to furnish petitioner assistance. Petitioner testified that two other "wipers" helped him in rolling the drums to the place where they were to be emptied, but that the first assistant engineer then called them away and left him alone to empty the drums and that no one helped him. He further testified that he asked the first assistant engineer to permit one of the men to stay to help him and that the engineer said he would let one of them come back when they finished work in the engine room.

After careful condideration of all of the evidence, our opinion is that the evidence raised issues of fact both as to negligence and as to proximate cause. The task that petitioner was directed to perform was neither simple nor easy of performance. It involved the handling of very heavy drums of oil while the ship was at sea, the raising of the drums from the deck by the adjustment and use of not very simple appliances, the chain fall and the barrel sling, the connecting of the pipe in the drum with the pipe in the deck, and finally the elevating of the end of the drum either by adjusting the barrel sling or by lifting so that all of the oil would run out. Petitioner testified that he had never before done that kind of work. He further testified that this was "a pretty hard job, a two man job", and that it was "pretty straining on one man", and that if he had been given the assistance of another man he could have performed the task more safely. These opinions of petitioner were admitted in evidence without objection. Bearing more directly on the question of negligence is the testimony of the first assistant

engineer that while he usually emptied the drums without help, he assigned two men to empty them when he did not do it himself. The facts in evidence above mentioned, considered in connection with the rule of foreseeableness which has relation both to negligence and to proximate cause, constitute at least some evidence from which it reasonably may be inferred that respondent, for petitioner's protection, owed the duty to him to furnish him assistance in emptying the drums, and that its failure to perform that duty was negligence.

■ The question whether there is any evidence to support the finding of proximate cause is more difficult. Petitioner's testimony as to the occurrence of his injuries is that when he was lifting the end of the drum so that all of the oil would run out he slipped on a spot of grease that he had not seen and fell to the deck and was injured.

Two elements or tests of proximate cause are causation and the limitation to foreseeable consequences. As to causation, it is said that if the defendant's act or omission was a substantial factor in bringing about the result, it will be regarded as a cause, and that ordinarily it will be such a substantial factor if the result would not have occurred without it. Prosser on Torts, p. 321, Sec. 46. In our opinion the jury was not engaged in mere speculation, but was drawing a reasonable inference in reaching the conclusion that respondent's failure to furnish petitioner a helper was a substantial factor in bringing about his fall and injury. Petitioner slipped on the spot of grease, and he testified that the grease caused him to fall. But it is apparent that he knew nothing of "sole cause" or of "proximate cause", and that he was not meaning to exclude as a cause, or as one of the causes, respondent's failure to furnish him a helper. The spot of grease was a condition that contributed to petitioner's injury, or it may be regarded as a concurring cause. The jury could, and no doubt did, take into consideration these facts: that petitioner had no experience in this kind of work, that it was work to which the first assistant engineer always assigned two men when he did not perform it himself, that it was performed on the deck of the tanker when it was at sea, that since the vessel was a tanker the presence of oil or grease on the deck was at least probable, the weight of the drums and the oil in them, the somewhat complicated chain fall and barrel sling used to lift the barrel. And, taking these things into consideration, it was not unreasonable for the jury to believe that the absence of a helper was a proximate cause of petitioner's fall and injuries. If two men together had been lifting the end

of the drum, it is reasonably probable that neither of them would have slipped on the spot of grease which was directly under the end of the drum. And it is reasonably probable that had there been two men working together they would have been able to raise the end of the drum by adjusting or moving the barrel sling or the hook on the chain fall so that neither of the men would need to place himself at the end of the drum to lift it. It could reasonably be inferred from the testimony of the assistant engineer, which shows that he regarded the task as one to which two men should be assigned, that the work would have been accomplished by two men together with less risk, or without any considerable risk of injury to either of them, and that it was more probable that respondent's failure to furnish assistance was a cause of petitioner's injury than that it was not.

In using foreseeableness as a test to determine proximate cause, this Court and the Courts of Civil Appeals have been careful to point out that for the defendant's negligence to be regarded as a proximate cause of the plaintiff's injury it is not necessary that the defendant should or would reasonably anticipate the very consequences or the exact nature of the plaintiff's injury or the precise manner of its infliction. It is sufficient that the defendant would reasonably have anticipated consequences or an injury of the general nature of that which ensued. San Antonio & A. P. Ry. Co. v. Behne, (Com. App.) 231 S. W. 354; Gulf, C. & S. F. Ry. Co. v. Ballew, (Com. App.) 66 S. W. 2d 659; International-Great Northern R. Co. v. Lowry, 132 Texas 272, 277, 121 S. W. 2d 585; Carey v. Pure Distributing Corp., 133 Texas 31, 35, 124 S. W. 2d 847; Sullivan v. Flores, 134 Texas 55, 58, 132 S. W. 2d 110; Atchison v. Texas & Pacific Ry. Co., 143 Texas 466, 473, 186 S. W. 2d 228; Edwards-Butcher Transportation Co. v. Trahan, 104 S. W. 2d 908. Prosser says that if liability is limited to foreseeable consequences, "the consequences must be a normal, substantial part of the risk, which a reasonable man would recognize as fairly to be taken into account by the defendant at the time of his act." Prosser on Torts, Ch. 8, p. 343, Sec. 48.

Most of what has been said above in discussing the evidence bearing on the question of causation applies as well to the question whether it can be held as a matter of law, on the record made by the evidence, that petitioner's injury was not a foreseeable consequence of respondent's negligence in failing to give petitioner a helper. We believe that an issue of fact was made by the evidence that has been discussed. Petitioner lost his foot-

ing while straining to lift the end of the drum without assistance, fell to the deck and was injured. The task was one to which two men were assigned whenever the assistant engineer did not perform it himself. It was, according to petitioner's testimony, "a two man job, pretty straining on one man". The boat was at sea. The presence of grease or oil on the deck was not improbable. A reasonable mind might fairly conclude that injury to petitioner, under these circumstances, from slipping while lifting the end of the drum, was an injury of the general class or character of injuries that might reasonably have been anticipated as a result of failure to furnish sufficient help.

■ Since the cause will be remanded for another trial, we consider the objections made by petitioner to the manner in which issues as to the presence of the grease on the deck were submitted. One of the specific grounds of negligence alleged in the trial petition is that respondent was negligent "in allowing a greasy substance to accumulate on the deck of said vessel" and in failing to remove the greasy substance from the deck. Special issues numbered 3, 3A, 4 and 5 inquired: (3) whether respondent "allowed a greasy substance to be on the deck of said vessel"; (3A) whether respondent allowed it to remain for such a period of time that in the exercise of ordinary care it should have been discovered and removed; (4) whether respondent's act in allowing the greasy substance to be on the deck of the vessel was negligence; and (5) whether respondent's negligence was a proximate cause of petitioner's injuries. Each of these issues, except No. 3, was conditioned on an affirmative answer to the preceding issue. The jury answered issue No. 3 in the affirmative and issue No. 3A in the negative, and did not answer issues numbered 4 and 5. The substance of petitioner's objections to the issues is that issue No. 3A is immaterial and not an ultimate issue, and that he was entitled to an unconditional submission of issue No. 4. It is very doubtful whether the evidence raises any issue with respect to the presence of the grease on the deck. There is no evidence tending to. prove that any employee of respondent, acting within the scope of his employment, either deliberately or negligently placed or dropped the grease on the deck, and there is no evidence that respondent knew that the grease was on the deck, and there is little, if any, evidence tending to prove that the grease remained on the deck for such a period of time that in the exercise of ordinary care respondent should have discovered it. The submission of issue No. 3A resolved the .doubt in favor of petitioner.

■ In a suit under the Jones Act the owner of the vessel is not

liable as an insurer of the safety of the seamen. He is liable only for negligence. The decisions under the Federal Employers' Liability Act are applicable here by reason of the incorporation of the provisions of that Act into the Jones Act. Premeaux v. Sacony-Vacuum Oil Co., 144 Texas 558, 564, 192 S. W. 2d 138; Wilkerson v. McCarthy, 336 U. S. 53, 69 Sup. Ct. 413, 93 L. Ed. 497; Baltimore Steamship Co. v. Phillips, 274 U. S. 316, 47 Sup Ct. 600, 71 L. Ed. 1069. One of the specific grounds of negligence alleged by petitioner is negligence in failing to furnish him a reasonably safe place in which to work, but there is no evidence that the place where petitioner worked was not reasonably safe unless it was made unsafe by the presence of the spot of grease. We are brought back to the question whether respondent was negligent on account of the spot of grease, more particularly in allowing the grease to be on the deck.

Petitioner's pleading does not allege that the respondent or any employee of respondent negligently put or dropped the grease on the deck. The particular allegation is that respondent was negligent "in allowing a greasy substance *to accumulate* on the deck". The trial court, in Special Issue 3, submitted the question whether respondent "allowed a greasy substance *to be* on the deck", which is substantially the same as the allegation. It seems logically to follow that the next issue should be such an issue as issue No. 3A, there being no evidence that respondent knew of the presence of the spot of grease on the deck.

The question here presented is in our opinion the same in principle as that raised and discussed in Missouri, Kansas & Texas Ry. Co. v. Jones, 103 Texas 187, 125 S. W. 309. That was a suit by a switchman who was injured when he stepped on an iron bolt in the yards of the railroad company. The court, in holding that there was no proof of negligence and in rendering judgment in favor of the railroad company, said: "In order to constitute it (negligence), the bolt must have been put on the track by some employe, or its presence there must have been known to some of them before the accident, or must have continued long enough to justify the inference that the failure to know it was due to a want of proper care."

In our opinion issue No. 3A was a proper issue under the pleadings and evidence, and it was an ultimate issue in the sense that judgment could not have been rendered against respondent, on account of its allowing the grease to be on the deck, without an affirmative answer to issue No. 3A. In our opinion the trial

court correctly conditioned issue No. 4 on an affirmative answer to issue No. 3A, because respondent could not be negligent in allowing the grease to be on the deck unless it was there for such a period of time that in the exercise of reasonable diligence respondent should have discovered and removed it, there being no evidence that respondent or any employee of respondent knew of its presence and no evidence that any employee of respondent placed or dropped the grease on the deck. On the record before us there was no error harmful to petitioner in the submission of issue No. 3A, and no error in conditioning issue No. 4 on an affirmative answer to Issue No. 3A.

■ Under our established practice, judgment will not be rendered on the jury's verdict, but the cause will be remanded to the district court for another trial. The trial court, on respondent's motion, rendered judgment that petitioner take nothing by his suit for damages, notwithstanding the jury's findings that respondent's negligence in failing to furnish assistance proximately caused petitioner's injury. On the appeal by petitioner respondent presented in its brief filed in the Court of Civil Appeals several cross assignments of error, one of them being that the evidence is insufficient to support the jury's answer to issue No. 8, the issue as to proximate cause. This practice is authorized by Rule No. 324 of the Texas Rules of Civil Procedure. The Court of Civil Appeals, in affirming the judgment of the district court, found that there is no evidence to support the jury's answer to issue No. 8. That finding of no evidence includes the lesser finding that the evidence is insufficient to support the answer to issue No. 8, and since the question of insufficiency was presented in the Court of Civil Appeals by respondent's cross assignment, the cause must be remanded to the district court for a new trial. Liberty Film Lines, Inc. v. Porter, 136 Texas 49, 53-54, 146 S. W. 2d 982; Bowman v. Puckett, 144 Texas 125, 133-134, 188 S. W. 2d 571; Najera v. Great Atlantic, etc. Tea Co., 146 Texas 367, 371, 207 S. W. 2d 365.

Relying on recent decisions of the Supreme Court of the United States, which manifest a tendency to sustain on very little evidence verdicts of juries in suits brought under the Jones Act and under the Federal Employers' Liability Act, petitioner in effect takes the position that the established practice in this state should be disregarded and that judgment should be rendered here on the jury's verdict. Among other authorities petitioner cites Lavender v. Kurn, 327 U. S. 645, 66 Sup. Ct. 740, 90 L. Ed. 916, and Wilkerson v. McCarthy, 336 U. S.

53, 69 Sup. Ct. 413, 93 L. Ed. 497. But neither of those decisions nor any other that we have found is authority for departure, in a suit under the Jones Act or under the Federal Employers' Liability Act, from our settled rules of procedure. By the institution of his suit petitioner invoked the jurisdiction of the state courts and the suit should be tried as any other suit for damages for negligence is tried in the state courts, provided there is compliance with the specific requirements of the Federal Statutes, that is to say, that assumed risk and negligence of fellow servants are not to be defenses and contributory negligence not a complete defense, and that the injured seaman or employee is entitled to trial by jury.

■ Review of the jury's verdict by the Court of Civil Appeals under its jurisdiction over the facts, with reversal for want of sufficient evidence, does not amount to denial of the right to trial by jury. The Court of Civil Appeals does not and cannot substitute fact findings of its own for the findings of the jury, but in exercising its jurisdiction over the facts the Court of Civil Appeals may reverse the trial court's judgment and remand the case for another trial, when it finds that the verdict is so contrary to the great weight and preponderance of the evidence as to be clearly wrong. The power thus exercised is the same as that exercised by the trial court when it sets aside the jury's verdict on account of insufficient evidence and awards a new trial. And this practice is not a denial of the right of trial by jury. Choate v. San Antonio, etc. Ry. Co., 91 Texas 406, 409-410, 44 S. W. 69.

The judgment of the district court, that petitioner take nothing by his suit for damages, and that of the Court of Civil Appeals affirming that judgment are reversed and the cause is remanded to the district court for a new trial. The Judgment here rendered does not affect the judgments of the district court and the Court of Civil Appeals for maintenance and cure.

Associate Justice Wilson not participating.

Opinion delivered February 21, 1951.

Rehearing overruled March 21, 1951.