Guy SHINN et al., Appellants,

v.

Roy A. DILLON et ux., Appellees.

No. 15872.

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 1, 1957.

Rehearing Denied Nov. 29, 1957.

Thompson, Knight, Wright & Simmons, Pinkney Grissom and David M. Kendall, Jr., Dallas, for appellants.

T. D. Wells, Frank Wear, Paris, Coleman & Whitten and Royce Whitten, Denton, for appellees.

RENFRO, Justice.

Plaintiff Dillon sued defendants Shinn, Davenport and Dixon in the District Court of Denton County for injuries sustained by Mrs. Dillon, due to the alleged negligence of defendants in Denton County.

Dixon was a resident of Tarrant County. He filed an answer to the suit but did not file a plea of privilege. Appellants Davenport and Shinn were residents of Hamilton County and both filed pleas of privilege. The pleas were overruled and Shinn and Davenport have appealed.

Davenport, employee of Shinn, was driving a truck north on U. S. Highway No. 77, and defendant Dixon and plaintiff Dillon were traveling south, in separate cars, on the same Highway on the occasion.

Plaintiff testified that on October 22, 1954, while driving about 50 miles per hour, on a drizzly day, on a greasy slick asphalt road, 18 feet wide, he saw two cars, apparently stationary on a bridge ahead. When he saw the bridge it was about 300 feet away. He pumped his brakes in order to slow down, but in his judgment would not have been able to stop before reaching the bridge, so he purposely "ditched" his car 100 feet before reaching the bridge. It was when he "ditched" the car that Mrs. Dillon was injured. He did not see any flares, reflectors or other signals warning him of the blocked bridge. He never saw appellants' truck.

Plaintiff introduced parts of the deposition of defendant Dixon. Dixon testified he was traveling south; as he approached the bridge a truck was coming up the road and the cab of the truck had passed over the bridge when Dixon's car hit the truck. The truck was about 2 feet to the left of the center line of the bridge. The truck was "pretty big", loaded with a dragline. Dixon's car, as a result of the collision with the truck, turned broadside of the road and obstructed the south bound traffic lane over the bridge. Davenport, driver of the truck, did not stop at the point of impact, but drove to the crest of the hill about 100 yards distant and there stopped the truck. Plaintiff's car came along about fifteen or twenty minutes after the accident. Witness was flagging cars through, saw plaintiff's car, coming from the north, pull over to the left trying to pass another car, "seen that he

couldn't do it and his only option was to hit the ditch." Witness could not move his car until a wrecker arrived. During the period of waiting, other cars went in the ditch in order to avoid hitting Dixon's car.

■ Appellants insist Dixon was plaintiff's witness and plaintiff is bound by his testimony. Part of the deposition of Dixon was introduced by plaintiff. Dixon was not a party to the plea of privilege on trial and had not filed a plea of privilege himself. We agree with appellants that Dixon was plaintiff's witness and he vouched for Dixon's testimony. Clary v. Morgan Motor Co., Tex.Civ.App., 246 S.W.2d 936; Myers v. Thomas, Tex.Civ.App., 182 S.W.2d 266; Western Cotton Oil Co. v. Mayes, Tex.Civ. App., 245 S.W.2d 280; Travelers Ins. Co. v. Blazier, Tex.Civ.App., 228 S.W.2d 217; Parr v. Parr, Tex.Civ.App., 207 S.W.2d 187.

■ Dixon's testimony, however, that plaintiff was trying to pass another car and his conclusion that plaintiff "seen that he couldn't do it and his only option was to hit the ditch" did not nullify his own testimony concerning Davenport's driving on the wrong side of a narrow bridge at the time of collision with his, Dixon's, car. Nor was plaintiff bound by such testimony to the exclusion of his own, i. e., that he drove in the ditch because in his judgment he could not stop his car before reaching the wrecked car on the bridge. Although plaintiff could not impeach Dixon, he was not forbidden to show facts different to those to which Dixon testified. Texas Law of Evidence, McCormick and Ray, 2d Ed., Vol. 1, p. 482, sec. 636; Pitman v. Holmes, 34 Tex.Civ. App. 485, 78 S.W. 961.

The appellants contend the evidence does not show that Davenport was guilty of negligence and proximate cause on the occasion in question.

■ The order entered is a short form judgment and does not recite findings of fact. Neither does the record contain separate findings of fact. Therefore we must sustain the judgment of the trial court if there is any evidence of probative force in the record to sustain it. Utz v. Michael, Tex.Civ.App., 227 S.W.2d 597.

■ The testimony of Dixon that Davenport was driving the truck two feet over the center of the highway on a narrow bridge is sufficient to sustain a finding that Davenport was guilty of negligence on the occasion in question and that such negligence was a proximate cause of the collision between his truck and Dixon's car.

■ The record also reflects evidence sufficient to uphold the implied findings of the trial court that such negligence was the proximate cause of the injuries to plaintiff's wife. The evidence of other cars "taking to the ditch" to avoid hitting the Dixon car on the bridge is some proof that the negligence of Davenport which caused Dixon's car to partially block the bridge created a hazardous situation which existed to the time plaintiff approached the bridge.

■ The universal test of the legal conception of proximate cause is whether or not the wrongdoer could reasonably have anticipated that such a consequence would follow. City of Vernon v. Lisman, Tex. Com.App., 17 S.W.2d 769; Phoenix Refining Co. v. Tips, 125 Tex. 69, 81 S.W.2d 60. For the defendant's negligence to be regarded as a proximate cause of plaintiff's injury, it is not necessary that the exact nature of the injury or the precise manner of its infliction should reasonably have been foreseen. It is sufficient that the defendant should reasonably have anticipated consequences or an injury of the general nature of that which ensued. Hopson v. Gulf Oil Corp., 150 Tex. 1, 237 S.W.2d 352.

The evidence in the instant case is such as to uphold the trial court's implied findings that Davenport could reasonably have foreseen that because of his negligence in driving over the center line of the narrow bridge, and colliding with Dixon's car,

thereby causing Dixon's car to block the narrow bridge, plaintiff or some other motorist would crash into the stalled car, or "take to the ditch" in order to avoid such collision. Lone Star Gas Co. v. Fouche, Tex.Civ.App., 190 S.W.2d 501.

The judgment of the trial court is affirmed.