**I. W. PARKS et al., Appellants,**

v.

**Edward B. HINES et al., Appellees.**

**No. 6773.**

Court of Civil Appeals of Texas.

Amarillo.

May 19, 1958.

Rehearing Denied June 16, 1958.

James P. Linn, Spearman, and Simpson, Clayton & Fullingim, Amarillo, for I. W. Parks.

Underwood, Wilson, Sutton, Heare & Boyce, Amarillo, for J. A. Robinson & Sons.

Lemon & Close, Perryton, for appellees.

CHAPMAN, Justice.

This case involves separate appeals by appellants, I. W. Parks and J. A. Robinson Sons Trucking Contractors, a partnership, each and both defendants in the court below, from adverse rulings against both defendants by the trial court on their respective pleas of privilege duly controverted.

Appellees, Edward B. Hines, R. B. Anderson, Mertice Anderson and Mary Julie Ann Murphy, a minor, acting by and through her mother, Spicey Joyce Woods, as her next friend, all residents of Ochiltree County, Texas, brought this suit against

the above named appellants for personal injuries and property damage arising out of a collision in which a 1955 Pontiac four-door sedan owned by appellee Hines and driven by Julie West ran into the rear of a pickup owned and being driven at the time by appellant, I. W. Parks. The collision occurred abreast of a parked truck in the opposite lane of traffic on State Highway No. 15 near Waka, Ochiltree County, Texas. The case having been filed in the last named county, appellant, I. W. Parks, filed his plea of privilege to be sued in Hansford County, where he had legal residence at the time of the collision and at the time the suit was filed. The Robinson trucking partnership filed its plea of privilege to be sued in Hutchinson County, the legal residence of the trucking partnership and each member thereof at the time of the collision and at the time the suit was filed.

Though State Highway 15 runs in a general north-east and south-west direction at the place of collision it was, in the court below, and will be here, referred to as an east-west highway. On the morning of May 4, 1957, appellant, the trucking partnership, had four trucks carrying equipment to an oil and gas lease known as the Buzzard Lease. One of the trucks loaded with oil field pipe and driven by Jim Robinson, a 23 year old son of one of the Robinson partners, and an employee of the partnership, went through the little town of Waka and about a quarter of a mile east thereof parked his truck on the pavement on his right-hand side of the highway and began the task of putting chains on his tires preparatory to leaving the pavement for a location on the named lease. At the time Robinson stopped, James Hathorn, an oil field contractor was parked in his pickup on the east side of the pavement skirt running off the pavement into a lane intersecting with the highway from the south, with the front of his pickup facing Highway 15 and about six to eight feet from the south side of the pavement thereon. Hathorn contracts production for several oil companies and was there to direct the Robinson trucks to the location and to give instructions to the driver of a crawler tractor coming there for the purpose of pulling the trucks to their location after they left the paved highway. The testimony is without dispute that it had recently rained and that the unpaved roads and the shoulders of the highway were muddy. It was partly cloudy at the time of the collision but vision was good for a mile down the highway in each direction.

On the same morning of May 4, 1957 appellee Hines' Pontiac automobile was being driven west on Highway 15 by Julie West and at the time of the collision was following a pickup being driven by appellant Parks. Julie West's testimony reveals the fact that she and Hines had been dating some about that time, that she often kept his car while he was at work and on the occasion in question was on the way to Borger to take her sister, her mother, Mertice Anderson and her sister's children. The cause of action alleged grew out of the fact that the Pontiac automobile being driven by Julie West ran into the back of the Parks pickup, which collision took place at about the middle of the length of the Robinson truck parked in the traffic lane to their left on State Highway 15.

To retain venue in Ochiltree County, appellees, by brief, admit they relied solely on Subsection 9a of Article 1995 without aid of any other exception to one's right to be sued in the county of his residence. They insist the testimony was sufficient for the trial court to impliedly find that each and both appellants were guilty of negligence and that their respective acts of negligence constitute proximate causes of the collision and resulting injuries. There is no controversy between the two appellants, defendants below, but they each assert no evidence and insufficient evidence justifying the trial court making implied findings of negligence and proximate cause respectively against them.

The driver of the Pontiac, Julie West, was used by appellees as their first witness.

She is the daughter of appellees, R. B. Anderson and Mertice Anderson, the aunt of appellee, Mary Julie Ann Murphy and the sister of Spicey Joyce Woods who sued as next friend of her daughter, Mary Julie Ann Murphy. In effect her testimony was that on the morning of the collision she had been following the Parks pickup for about five minutes, most of the time about 300 feet behind him, with both of them driving between 50 and 55 miles per hour; that the highway right-of-way off the pavement "was awfully muddy and there was water in the ditch and just impassable on the right hand side"; that she saw the Robinson truck, which she first thought was moving, about a half mile before she reached it; that she knew it occupied the traffic lane to her left on Highway 15; that when the brake light of the Parks pickup first came on she was about 200 feet behind him; that at said time the pickup was between 30 and 40 feet from the front of the parked truck and that at the time both she and the Parks pickup were still traveling between 50 and 55 miles per hour. She then testified that when she saw the brake light of the Parks pickup come on she applied her brakes to slow down, they didn't catch, she pumped them and they still would not hold and she ran into the back of the Parks pickup because the Robinson truck prevented her passing on the left and the muddy shoulder of the highway prevented her passing on the right. She testified that she could have slowed down enough to keep from running into the pickup had her brakes not failed. It is important to note that her testimony was to the effect that the brake light of the pickup came on, went off, then came back on and stayed until the collision; that at the time the impact took place they were about the center of the length of the parked truck and the pickup was going about 15 miles per hour while she was still going between 50 and 55 miles per hour.

The witness, James Hathorn, also placed on the stand by appellees as their witness, testified that when the driver stopped on the highway he asked him if he thought he ought to remain on the highway to put on his chains and that Robinson said he would bog down if he didn't. Hathorn's testimony further showed that as the pickup and Pontiac approached, the truck had its left blinker light on and his pickup, about 50 feet north of the truck had its right blinker light on; that the Parks pickup as it passed in front of him was going between 20 and 30 miles an hour and the Pontiac between 50 and 60 miles per hour with its brake lights on, but with the brakes having no effect. He testified the pickup did not slow down from the time he saw it until the impact and that at no time after it came into his view, about 50 feet before it reached the front of the truck, did it slow down suddenly.

Appellant Parks testified in effect that he was about a quarter of a mile away when he became interested in the pickup parked on the side road and the truck parked on the highway; that with a blinker light pulsating on each one he started slowing down as anyone would; that he was a quarter of a mile away or a little less when he started slowing down by just getting off the footfeed; that in slowing down as he did he might have touched his brakes but did not recall doing so until after the collision, when he drove off the pavement onto the shoulder, but that at no time before the collision had he intended to stop; that he slowed down to a speed of from 20 to 30 miles per hour because he did not know what the trouble was and "somebody is liable to walk around from the truck right in front of you." He testified that Owen Rogers, who later moved to Odessa, was riding with him and that just before the Pontiac hit him Rogers "hollared, watch it," and about that time they were hit. He testified he was aware there was traffic behind him but that he did not hold his hand out because he did not think it was necessary where a man wasn't intending to stop, just slow down.

Appellees urged before the court below, and here insist, that under these facts Parks was guilty of negligence within the Rule

of Section 68(c), Article 6701d providing, "No person shall stop or suddenly decrease the speed of a vehicle without first giving an appropriate signal in the manner provided herein to the driver of any vehicle immediately to the rear when there is opportunity to give such signal," and Sec. 70 of Art. 6701d providing the manner of giving the signal.

■■ We are not unmindful of the fact that our Supreme Court in Biggers v. Continental Bus System, Inc., 303 S.W.2d 359 at page 363 has said, "We may consider only that evidence, if any, which, viewed in its most favorable light, supports the jury findings, and we must disregard all evidence which would lead to a contrary result." We have ourselves similarly held in many cases. We also recognize that this same rule just stated applies to our Court of Civil Appeals in considering the question of no evidence or insufficient evidence where a venue hearing is had before the court with the trial judge as the trier of the facts, and we have previously so held. In other words, in this case we may consider only that evidence which, viewed in its most favorable light, supports the implied findings of the trial court on negligence and proximate cause. Even so, when venue is challenged, as in this case, the burden is upon the plaintiff to allege and prove by a preponderance of the evidence that the case falls within the particular exception relied on, in this instance Subsection 9a of Article 1995 R.C.S., Vernon's Ann.Civ.St. art. 1995, subd. 9a. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91; Genecov v. Marcus, Tex.Civ. App., 285 S.W.2d 872; Hudson & Eads, Inc., v. Enlow, Tex.Civ.App., 302 S.W.2d 479. With respect to appellant, I. W. Parks, we believe appellees' testimony is insufficient to meet this burden, even as to proving negligence.

■ It is true that Julie West testified Parks suddenly decreased the speed of his vehicle from 50 to 55 miles per hour to 15 miles per hour, that this happened from the time he was 30 to 40 feet in front of the truck to the time of impact, but when her other testimony, heretofore related, is considered in connection with such statement it does not furnish sufficient testimony of probative value to justify an implied finding of negligence. Under her testimony she was about 200 feet to the rear of the pickup when the brake light came on, making her 240 feet to the front of the truck and approximately 270 feet to the point of impact. Under her theory the pickup slowed from 50 to 55 miles per hour to 15 miles per hour in a distance of 65 feet while its driver put on the brakes, released them, then put them on again while she was traveling 270 feet. Especially do we say the testimony is insufficient to establish negligence when her testimony is considered in connection with the testimony of the disinterested witness, Hathorn, appellees' own witness, to the effect that the pickup was going 20 to 30 miles per hour 50 feet before it reached the front part of the truck and never appreciably changed its speed before the impact. We believe the great weight and preponderance of the evidence is against an implied finding of negligence per se or at common law against appellant Parks, and particularly do we believe the testimony of this case is insufficient to meet the burden of causation and foreseeable consequences necessary in proximate cause when such acts are applied to the conduct of Parks. In fact, we believe the great weight and preponderance of the evidence indicates I. W. Parks conducted himself on the occasion in question just as an ordinary prudent person would have done under the same or similar circumstances.

■ A different situation presents itself as to the Robinson truck. This appellant, by brief, admits the trial court's findings of negligence on the part of the Robinson truck finds support in the presence of the truck upon the paved surface of the highway, if it was possible to stop so as to leave the vehicle off the highway. As stated by counsel, this conclusion is compelled by Section 93(a) of Article 6701d R.C.S., Ver-

non's Ann.Civ.St. art. 6701d, § 93(a). We do not believe the language of the section just named wherein it says; "* * * when it is *possible* to stop, park, or so leave vehicle off such part of said highway" could be interpreted to mean, when it is *convenient* to stop, park or so leave. The mere fact that the shoulder of the highway was muddy was not, in our opinion, such a condition as was contemplated by Section 93(a) to constitute a situation making it impossible to park or leave the vehicle off the paved portion of the highway. The young man driving the truck could have parked off the pavement further back toward Waka, could have driven into the lane to his right or could have gone past the lane and the highway posts and parked off the highway. He was warned by the witness Hathorn, an older and more experienced man, of the danger in parking on the pavement but did so despite the warning. We believe the authority of Haltom v. Leatherwood, Tex.Civ.App., 287 S.W.2d 744 would require us to hold that it was possible for the driver of the Robinson truck to have parked the truck off the pavement within the purview of Section 93(a). Having failed to do so we believe he was guilty of negligence per se. The case just cited has no writ history but we believe it announced sound principles of law in interpreting Section 93(a). If it was possible under the circumstances of that case to park off the highway, it was equally or more possible to do so in our case, particularly in view of the fact a crawler tractor was available to pull the truck in the event it could not pull out of the mud.

 Appellant Robinson and Sons Trucking Contractors urgently insist that even if it could be said the driver of the truck was negligent such negligence could not furnish grounds for implied findings of proximate cause in this case. Again we are unable to agree with appellants' contention. The law is well settled that the two necessary and essential elements of proximate cause are foreseeability and causation. Biggers v. Continental Bus System, Inc., Tex., 303 S.W.2d 359; Hopson v. Gulf Oil Corporation, 150 Tex. 1, 237 S.W.2d 352. It seems evident to us that anyone parking a truck of the size of the Robinson truck on a state highway in an oil field area for the period of time this truck was parked should have reasonably anticipated the danger to others passing preceding automobiles or meeting automobiles coming from the opposite direction. Particularly do we say that a reasonably intelligent and prudent person would have foreseen such eventuality. In this connection appellant Robinson and Sons Trucking Contractors argue that a reasonably prudent person could not have foreseen that brakes would completely fail as did the Pontiac brakes. There is ample authority for the proposition that it is not necessary as a predicate to liability that the party complained against should foresee or anticipate the exact nature or type of situation as the one leading to the injuries complained about or that the concurring cause may not be reasonably foreseen. But it is sufficient if the negligent act of the defendant was a substantial factor in bringing about the collision. Biggers v. Continental Bus System, Inc., Tex., 303 S.W.2d 359; Shinn v. Dillon, Tex.Civ.App., 306 S.W.2d 940; Hopson v. Gulf Oil Corporation, 150 Tex. 1, 237 S.W.2d 352.

In arguing against the element of causation in proximate cause appellant Robinson and Sons Trucking Contractors take the position that it was the presence of the Robinson truck on the road and not the circumstances that it was stopped that prevented Julie West from going safely to the other side of the road.

We cannot follow this line of reasoning. We believe it would be only fair to say that had the truck been traveling it would not have been necessary for the Parks pickup to slow down and the use of the brakes would not have been necessary. Mr. Parks testified he started slowing down about a quarter of a mile away because of the parked truck and pickup and the pulsating light on the truck and the blinking light on the pickup. Of course it may have been necessary

for her to use them before she reached Borger but it is not for us to speculate on that theory. The testimony is certainly sufficient for the trial court to find that the driver of the Pontiac could have passed the pickup to its left after she realized her brakes would not hold.

Accordingly, we hold the evidence was insufficient for the trial court to make implied findings of negligence or proximate cause against appellant Parks, but that the evidence was sufficient for the Court to make the implied findings of both negligence and proximate cause against appellant Robinson and Sons Trucking Contractors. Judgment of the trial court is reversed and rendered as to I. W. Parks and the cause is ordered transferred to Hansford County. Judgment of the trial court is affirmed as to Robinson and Sons Trucking Contractors.