**Floyd B. WILEY, Individually and as Next Friend of Earl Walter Wiley, a Minor, Appellant,**

**v.**

**George E. SURBER, Appellee.**

No. 16228.

Court of Civil Appeals of Texas.
Fort Worth.
June 2, 1961.

Coleman & Whitten and Earl L. Coleman, Denton, for appellant.

Jackson, Walker, Winstead, Cantwell & Miller, D. L. Case and Jack Pew, Jr., Dallas, for appellee.

MASSEY, Chief Justice.

This is an appeal from a judgment for defendant George E. Surber in a suit for personal injuries to the fifteen year old son of Floyd B. Wiley, plaintiff in his own behalf and as next friend for said youth. The question posed by the appeal is whether the jury finding that young Wiley's failure to stop at a stop sign immediately prior to

the occurrence of the collision in which his injuries were sustained amounted to a proximate cause of such collision. If the jury's finding in such regard should be left undisturbed the judgment should be affirmed.

Judgment affirmed.

The collision occurred at about 5:30 P.M. on July 8, 1958, in the City of Denton, Texas, at or near the intersection of Oak Street with Welch Street. The weather was good and the street surface was dry. Oak Street runs east and west. Welch Street begins at Oak and extends to the south. There is a stop sign at the intersection for vehicles approaching the intersection on Welch. Shortly prior to the collision the youth, on his brother's motorized bicycle or motorcycle, was traveling in a northerly direction on Welch Street and approaching the intersection. At the same time the defendant was driving his automobile in a westerly direction on Oak Street, following along behind a slower moving automobile which he was seeking to pass. Defendant was "drifting out" to his left from time to time awaiting an opportunity in which he would find the left-hand side, to him, of Oak Street clear enough to afford an opportunity to pass the vehicle ahead. There is evidence in the record which warranted the jury in concluding that as of the moment when young Wiley passed the stop sign without stopping, and started around the turn to proceed in an easterly direction on Oak Street, the defendant's automobile was still on the north side of Oak. There is also evidence in the record which warranted the jury in concluding that as of such time the defendant's automobile was a few feet over onto the south side of Oak, or even completely onto the south side thereof with the front of said vehicle about even with the rear of the automobile defendant was attempting to pass.

Until the operators of both vehicles were quite near the intersection neither could observe the approach of the other because of an embankment at the southeast corner. Indisputedly, the youth on the motorcycle rounded the corner, not having stopped at the stop sign nor before entry onto the intersection, and reached a point east of the intersection on Oak Street. The condition of the evidence was such that the jury was entitled to conclude that as of the moment of the impact of the two vehicles the motorbike was somewhere between ten (10) feet and seventeen (17) feet east of the intersection (as visualized by an extension of the Welch Street curb line). It is undisputed that upon discovering the presence of the youth as he "rounded the corner" on the aforesaid two wheeled vehicle the defendant, then in whole or in part on the left-hand, to him, side of Oak Street, first applied his brakes, and then immediately cut his wheels to his right and attempted to speed up. He did not strike the automobile that had been ahead of him, and which he was attempting to pass. The front wheel of the motorcycle struck the left side of defendant's automobile immediately behind the left front wheel, throwing the youth onto the street with rather severe injuries. The collision occurred on the south side of Oak Street.

The jury found the defendant guilty of negligence, which amounted to proximate cause of the collision, in overtaking and passing the vehicle ahead of him within 100 feet of the intersection, and when the left-hand side, to him, of the street was not sufficiently free of oncoming traffic to permit him to safely pass,—but acquitted him in other respects posed by the issues. The jury found young Wiley guilty of negligence, which was a proximate cause of the collision, in failing to stop for the stop sign,—but acquitted him in respects posed by other contributory negligence issues.

It is the theory of the appellants, plaintiffs below, that despite the youth's negligence as found by the jury, such negligence could not have, as a matter of law, amounted to a proximate cause of the collision and the injuries resulting; and that the case should be viewed as one wherein such negligence had occurred so long before the time of the collision, and at a place so distant therefrom, that it could not have

contributed thereto. All the points of error presented are founded upon this premise.

■ As stated by Judge Renfro of this court in the case of Shinn v. Dillon, Tex. Civ.App., Fort Worth 1957, 306 S.W.2d 940, 942: "The universal test of the legal conception of proximate cause is whether or not the wrongdoer could reasonably have anticipated that such a consequence would follow. City of Vernon v. Lisman, Tex. Com.App., 17 S.W.2d 769; Phoenix Refining Co. v. Tips, 125 Tex. 69, 81 S.W.2d 60. For the defendant's negligence to be regarded as a proximate cause of plaintiff's injury, it is not necessary that the exact nature of the injury or the precise manner of its infliction should reasonably have been foreseen. It is sufficient that the defendant should reasonably have anticipated consequences or an injury of the general nature of that which ensued. Hopson v. Gulf Oil Corp., 150 Tex. 1, 237 S.W.2d 352."

Even should we consider that the injured youth had the right of way to the south one half of Oak Street, and at the point thereon where the collision occurred, he would not have been entitled to close his eyes to the situation the jury was undoubtedly entitled to and did believe existed immediately prior to and at the very time he drove thereupon with his motorcycle. That situation was posed by the approach of the appellant's vehicle, then either already over on the south side of said street or in the act of moving to such position preparatory to an attempt to pass the automobile immediately ahead.

■ We believe that the jury would have been entitled, under the evidence, to believe that the defendant's automobile was already on the left-hand, to him, side of the street even before the motorcycle was driven past the stop sign. However, even if this were not so, and as insisted in the appellant's (plaintiff's) brief, the automobile was driven onto the north side of the street after the motorcycle had entered the intersection, our decision would in no sense

be altered. In a case of such character standards of ordinary care, and of negligence and causation, must be left in large measure to the trier of fact. Moreover, causation in such circumstances, like any other ultimate fact, may be established by circumstantial as well as direct evidence. The jury is thus not only the judge of the facts and circumstances proven but may also draw reasonable inferences and deductions from the evidence adduced before it. Therefore, its findings may not be disregarded under the provisions of Texas Rules of Civil Procedure, rule 301, if the record discloses any evidence of probative value which, with inferences that may be properly drawn therefrom, will reasonably support the same. Lynch v. Ricketts, 1958, 158 Tex. 487, 314 S.W.2d 273.

The celebrated case of Biggers v. Continental Bus System, 1957, 157 Tex. 351, 298 S.W.2d 79, 303 S.W.2d 359, bore upon a different set of facts, but, in our opinion the principles ruling the decision in that case may be properly applied to the facts before us. It was stated in the Biggers case that common experience teaches that thousands of automobiles enter wrong highway traffic lanes every day, and that it is a matter of common knowledge that a fair proportion of collisions results from one of the vehicles being in the wrong lane of traffic. In view thereof, said the court, Texas authorities support the conclusion that one operating a motor vehicle on the highway is, under most circumstances, required to foresee and anticipate that an approaching vehicle may enter the wrong traffic lane. The rule as applied to when and under what circumstances an actor's negligent act may be established as a proximate cause of an event was readopted from the case of Sullivan v. Flores, 1939, 134 Tex. 55, 132 S. W.2d 110, 111, wherein it was stated: "As a person of ordinary intelligence and prudence, he should have anticipated the danger to others created by his negligent act, and the rule does not require that he anticipate just how injuries will grow out of that dangerous situation."

We believe that the evidence of young Wiley's failure to stop before entering Oak Street, in obedience to the stop sign, thus resulting in his entry onto the south one half of such street earlier than would otherwise have been the case, and resulting in his arrival at the point where defendant discovered that collision with him would occur, and at the point where it did in fact occur, amounted to evidence which entitled the jury to find that the failure to stop was a substantial factor in bringing about the collision. Hopson v. Gulf Oil Corp., 1951, 150 Tex. 1, 237 S.W.2d 352, 355.

In other words, the hazard of collision being that normally risked when one disregards a stop sign and enters an intersection without stopping, the failure to stop in this instance, coupled with the attendant circumstances proven existent, properly raised for jury determination the question of whether the failure to stop amounted to a proximate cause of the collision.

Judgment affirmed.