**PARK PLACE MASONIC LODGE NO. 1172, Appellant,**

v.

**E. C. DANIELS, Appellee.**

No. 13875.

Court of Civil Appeals of Texas. Houston.

Jan. 11, 1962.

Rehearing Denied Feb. 1, 1962.

241

Barrow, Bland & Rehmet, Vincent W. Rehmet, Houston, for appellant.

Bierwirth & Rosenbaum, Leonard Z. Finger, Houston, for appellee.

COLEMAN, Justice.

This was a suit for damages resulting from injuries suffered by E. C. Daniels, appellee, in an intersectional collision.

The case was tried before a jury which found that appellant's agent was negligent in failing to stop at a stop sign and in failing to make a proper application of brakes. Appellant contends that these findings are against the great weight and preponderance of the evidence because of the testimony of Lois Foshee, appellant's agent, that she became slightly sick at her stomach, and faint, when she was about a block and a half from the intersection at which the collision took place and didn't remember anything that happened after that point, and that it was her opinion that she had fainted. No witness could testify that she was, or was not, conscious at a time immediately preceding the accident.

There was testimony that the car driven by Miss Foshee was traveling at an average speed and did not slow down before entering the intersection and that nothing indicated that the brakes were ever applied. The evidence shows that the street on which the Foshee car was traveling was slightly elevated in the center, with a gradual slope to each side, and that a car would not maintain its course for a block and a half without guidance. The testimony shows that Miss Foshee was thrown from her automobile and suffered head injuries and that she appeared to be having convulsions as she lay on the ground. Opinion medical testimony to the effect that the loss of memory on the part of Miss Foshee was probably due to retrograde amnesia caused by the head injury was before the jury. In this nation of automobile operators, it is a matter of common knowledge that an automobile is not likely to travel in a straight path at an average city speed without a driver. Appellee was not precluded from relying on testimony contrary to that of Miss Foshee. Shinn v. Dillon, Tex.Civ.App., 306 S.W.2d 940; Texas Bus Lines v. Whatley, 210 S.W.2d 626, Tex. Civ.App., ref., n. r. e.; Pruett v. Mabry, 268 S.W.2d 532, Tex.Civ.App., ref., n. r. e.

Appellant further complains that the verdict of the jury awarding appellee $10,000.00 for lost earnings is so contrary to and against the greater weight and overwhelming preponderance of the evidence as to be manifestly wrong and unjust. We have carefully reviewed the entire statement of facts and are unable to agree with this contention.

The judgment of the trial court is affirmed.