**Connie Jo LOVEY, Appellant,**

v.

**Velvin RISON, Appellee.**

**No. 15541.**

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Nov. 28, 1969.

Cauley & Kershner, Wm. J. Kershner, Houston, for appellant.

Talbert, Giessel, Barnett & Stone, Henry P. Giessel, Houston, for appellee.

PEDEN, Justice.

Personal injury case arising from an automobile collision. Connie Jo Lovey, the appellant, was the plaintiff and cross-de-

fendant in the trial court. A take-nothing judgment was entered based on the jury's verdict. Velvin Rison, the defendant and cross-plaintiff, has not appealed from the judgment.

Before the collision occurred, appellant had been driving her automobile in the left-hand lane of a one-way street which carried three lanes of traffic and defendant had been driving his pickup truck in the center lane of the same Gulf Freeway feeder street. The right side of the plaintiff's car and the left side of defendant's pickup truck collided. The testimony is conflicting as to which party had entered the lane of the other when the collision occurred.

The parties stipulated that appellant's property damages amounted to $900. and that those of the appellee amounted to $800.; also, that the appellant's hospital bill (her exhibit #1) represented reasonable charges for her treatment made necessary by the accident in question.

In response to special issues, the jury did not find that appellee had moved his vehicle from a direct course when such movement could not be made with safety. It found that he failed to keep a proper lookout, but did not find that such failure was a proximate cause of the collision. The jury did not find that the appellant was negligent in any way, but it did not award her any damages for her past or future pain and anguish.

■ Appellant says that the jury found that neither of the parties moved his vehicle from a direct course at a time when such movement could not be made with safety, but she does not complain on appeal that this amounted to a conflict in the verdict. Her first point of error is: the jury's finding that appellee's failure to keep a proper lookout was not a proximate cause of the collision was against the great weight and preponderance of the evidence. Where there is conflicting evidence, we consider whether the finding is so overwhelmingly against the evidence as to

shock the conscience or show clearly the answer was wrong or was the result of some passion, prejudice or improper motive. Foley Bros. Dry Goods Co. v. Settegast, 133 S.W.2d 228 (Galveston Tex.Civ. App.1939, writ ref.).

■ The jury's negative answers to the issues inquiring as whether either party moved his vehicle from a direct course at a time when such movement could not be made with safety merely mean that in each instance the party having the burden of proving that fact failed to do so. It does not amount to a finding that the party did not make such movement. Further, the jury's answer to the proximate cause issue in question merely means that the appellant failed to prove that appellee's failure to keep a proper lookout was a proximate cause of the collision. C. & R. Transport, Inc. v. Campbell, 406 S.W.2d 191 (Tex. Sup.1966).

In determining whether a certain negligent act was a proximate cause of an injury, only the facts are to be considered. C. & R. Transport, Inc. v. Campbell, supra.

■ The two necessary elements of proximate cause are foreseeability and causation. Hopson v. Gulf Oil Corp., 150 Tex. 1, 237 S.W.2d 352 (1951); Biggers v. Continental Bus System, 157 Tex. 351, 303 S.W.2d 359 (1957).

■ The general rule is that the question of whether an act of negligence was the proximate cause of an injury is a fact issue. Jones v. Gibson, 18 S.W.2d 744 (Eastland Tex.Civ.App.1929, no writ). Broad latitude is allowed jurors in their determination from the circumstances of the case whether a negligent act was a proximate cause of the incident in question. J. Weingarten, Inc. v. Brockman, 135 S.W.2d 698 (Tex.Com.App.1940). We review the entire record to determine whether the evidence was sufficient to support the jury's failure to find Rison's lack of a proper lookout was a proximate cause

of the collision. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951).

■ We will first notice the testimony of Rison, the appellee, directly touching on this point. He stated that he was travelling in the lane to the right of appellant's car. When he noticed her, she was passing him. When she cut into him he told one of his passengers, a Mr. Norman, that she was going to hit him. By that time she cut in front of him, his left (front) bumper caught the door of her car and he hit his brakes. He planned to move into the left lane later so he could go from it onto the freeway at the entrance about two blocks father down, but he wouldn't change lanes at the place where the accident occurred, because traffic enters the feeder from the left at about that point.

The witness Norman testified that he was riding in the cab of Rison's truck and first saw Mrs. Lovey's car when it came beside the truck on his left—when her hood was passing the left door of the truck. He testified he saw the car move into their lane by approximately six to ten inches and that Rison's truck never did infringe on the lane to their left. On cross-examination Norman admitted that the basis for his testimony that Mrs. Lovey had come into their lane was that the truck was in the center lane and there wouldn't have been an accident unless she had come into it also. The right-hand lane was clear.

Mrs. Lovey's testimony was that she had seen Rison's truck earlier but she didn't actually see him getting into her lane. When she knew anything he had hit her. He was trying to change lanes. On cross-examination she testified that some portion of the pickup truck hit her car but that she didn't know what happened because she didn't see it. The pictures introduced in evidence show the feeder street but do not show the vehicles of the parties. They do not shed light on this point.

We hold that under the evidence the jury was clearly entitled to decide that appellant had failed to sustain her burden of establishing that Rison's failure to keep a proper lookout was a proximate cause of the collision. The record shows that the evidence was conflicting and that there was substantial evidence from which the jury could properly conclude that it could not determine from a preponderance of the evidence that 1) even if Rison had kept a proper lookout this would have given him time to have avoided the collision or 2) that he drove his vehicle any differently than would have been done by a non-negligent person under like circumstances. The jury was entitled to remain unconvinced that a preponderance of the evidence showed that Rison's failure to keep a proper lookout was a cause in fact of the collision.

■ Appellant's second point of error is that the jury's answer to the damage issue was so against the great weight and preponderance of the evidence as to indicate bias or prejudice. We overrule the point.

The jury did not find that any act of the appellee was a proximate cause of the collision. The jury's answers to those issues, well supported by substantial evidence, required that judgment be entered in favor of the appellee, regardless of the damages suffered by the appellant and regardless of the amount found by the jury as her damages. The jury's action in answering the damage issue contrary to the undisputed evidence may cause us to suspect that the answer was induced by bias or prejudice, but we are not justified in assuming that the lack of a jury finding that appellee's negligence was a proximate cause of the collision was brought about by bias or prejudice when there is in the record substantial evidence to support the verdict as to those issues and no evidence that bias or prejudice entered into or caused them. Southern Pine Lumber Co. v. Andrade, 132 Tex. 372, 124 S.W.2d 334 (1939).

The judgment of the trial court is affirmed.