JOHN L. SULLIVAN ET AL V. MARTIN FLORES.

No. 7396.  Decided October 18, 1939.
(132 S. W., 2d Series, 110.)

*Jones & Kirkham* and *Pichinson & Lyle,* all of Corpus Christi, for plaintiff in error.

It was error for the Court of Civil Appeals to hold, as a matter of law, that the injury was not one that could have been reasonably foreseen or anticipated in that the defendant could not foresee that Marshall would shave off the spare tire, because this holding in effect requires the defendant to foresee the precise form of injury or the particular manner in which it occurred. The exact occurence need not be actually anticipated as defendant was only required to foresee in a general way the consequence of his act. Commercial Standard Ins. Co. v. Shudde, 76 S. W. (2d) 561; Texas P. & L. Co. v. Culwell, 34 S. W. (2d) 820; 3 Berry's Law of Automobiles, 249, sec. 159.

*R. H. Mercer* and *Hayden C. Covington,* both of San Antonio, for defendant in error.

Since defendant could not have reasonably foreseen or anticipated that plaintiff would be injured as complained of under all the facts and circumstances, and since the evidence clearly raised the issue of unavoidable accident, it was error for the trial court to submit any issue as to proximate cause on plaintiff's theory of the case and in overruling and not sustaining defendant's motion for instructed verdict. Baughn v. Platt, 123 Texas 486, 72 S. W. (2d) 580; Seale v. Gulf, C. & S. F. Ry. Co., 65 Texas 274; Sledge v. Panhandle & S. F. Ry. Co., 45 S. W. (2d) 1112.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

In the trial court Francis Sullivan, for himself and as next friend of his minor son, John L. Sullivan, recovered a judgment against defendant in error Martin Flores for damages on account of personal injuries sustained by the minor. That judgment was reversed by the Court of Civil Appeals and judgment rendered in favor of Flores. 112 S. W. (2d) 321.

Only one question was decided by the Court of Civil Appeals and since we have determined that the case must be remanded

to that court, our statement will be limited to such facts as are thought to throw light upon that particular question.

The minor was injured by being struck with a spare wheel which had been knocked loose from its position on the rear of Flores' taxi-cab by a collision between his cab and another car. The opinion of the Court of Civil Appeals clearly states the essential facts in this language:

"In the City of Corpus Christi, Staples street, 60 feet wide, runs north and south. Furman Avenue, 60 feet wide, and running east and west, empties into and ends in Staples street.

"At the southwest corner of Staples, as it enters Furman, a grocery store fronts 45 feet on Staples, with a 15-foot driveway in front of it, which is for the use of customers for parking purposes. The paving of the street and driveway is continuous, obliterating the curb at the edge of the street.

"Appellant, Martin Flores, operates a 1930 Ford sedan car as a 'taxi.' In the early morning of October 12, 1934, Flores, driving south on Staples street, turned his taxi to the right and into the paved space in front of the store, where he stopped and discharged a passenger. He then swung his taxi around, to his left, into Staples street, intending to make a 'U' turn back to the north, without going into the intersection of Furman to there make the turn.

"When Flores got his taxi about 10 feet over the curb line into Staples street, in the course of the turn, he brought it to a sudden stop to avoid, he testified, another car approaching from the rear, on Staples. That car, if any there was, passed on. But another car, a 1930 Chevrolet sedan, driven by one John K. Marshall, also coming south on Staples from behind Flores, struck the wheel carrying the spare tire attached to the rear end of the taxi, severing the wheel from its mooring and setting it rolling south along the Staples street curb line in front of the grocery store. The released wheel rolled rapidly and with great force along the curb, and somewhere down the line struck John L. Sullivan, a nine year old boy, as he stood further south at the edge of the curb. The wheel continued its wild course until it struck a house in its path 70 feet away. * * *."

The ground upon which the Court of Civil Appeals reversed the judgment of the trial court and rendered judgment in favor of Flores, is well summed up in its opinion as follows:

"We have concluded, under all the circumstances of the case, not forgetting, but keeping in mind as pertinent and material the fact that the spare wheel was properly and carefully attached to appellant's vehicle, that, as a matter of law, the injury

here complained of was not such as could reasonably have been foreseen or anticipated by appellant as a natural consequence of either of the acts of negligence charged against him, when tested, as it should be, by the common experience of man. This conclusion requires that the judgment be reversed."

We are unable to concur in this conclusion. The jury found that Flores negligently turned his taxi-cab into the path of Marshall's approaching car, resulting in a collision. We are not prepared to hold, as a matter of law, that he should not have anticipated injuries to persons in the vicinity of such a collision. Of course, he could not have anticipated the exact nature of such injuries, but liability does not depend upon his having been able to do. It is sufficient if he should have anticipated an injury of the general nature of that suffered by this minor. It is, no doubt, unusual for a spare tire to be knocked from its setting and put in motion by a collision, but that fact does not exonerate the negligent driver from liability. As a person of ordinary intelligence and prudence, he should have anticipated the danger to others created by his negligent act, and the rule does not require that he anticipate just how injuries will grow out of that dangerous situation.

The question here presented has been before this court in several recent cases, and it is believed that a further discussion thereof would add nothing to what has been so lately written. Among the recent cases may be noted the following: Missouri-Kansas-Texas R. Co. v. McLain, 133 Texas 484, 126 S. W. (2d) 474; Carey v. Pure Distributing Co., 133 Texas 31, 124 S. W. (2d) 847; Sturtevant v. Pagel, 134 Texas 46, 130 S. W. (2d) 1017.

An inspection of the brief filed in the Court of Civil Appeals by the defendant in error, who was appellant in that court, discloses that it contains 36 assignments of error. Some of these assignments present questions exclusively within the jurisdiction of that court. In such a situation it is the practice to remand the cause to the Court of Civil Appeals for a consideration by it of all the assignments not discussed in its former opinion. McKenzie Construction Co. v. City of San Antonio, 131 Texas 474, 115 S. W. (2d) 617 and the authorities there cited.

The judgment of the Court of Civil Appeals will be reversed and the cause remanded to that court.

Opinion adopted by the Supreme Court October 18, 1939.