SCURLOCK OIL COMPANY, Appellant,

v.

Paul Alfred BIRCHFIELD, et al., Appellees.

No. 18012.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 31, 1981.

H. Lee Lewis, Jr., Ross, Griggs & Harrison, Houston, for appellant.

David Frishman, Katy, for appellees.

Before EVANS, C. J., and WARREN and BASS, JJ.

BASS, Justice.

Appellee recovered judgment for $229,700 for personal injuries sustained while sanding an oil slick roadway.

In two points of error appellant urges that: (1) appellant owed no legal duty to appellee because appellee was not within the class of persons that the appellant had a duty to protect and, (2) appellant's negligence in spilling the oil on the roadway had come to rest and appellee's subsequent accident was an isolated, unforeseeable occurrence.

Appellee contends that appellant did owe a legal duty to him and that his injury was proximately caused by the appellant's negligence.

Judgment is reversed and the cause is rendered.

The question for us is one of proximate cause.

Proximate cause embraces these two distinct concepts: (1) cause in fact and (2) foreseeability.

From the evidence and the inferences to be gained therefrom it was established that the appellant had caused an oil spill upon a public road; that the oil spill was a dangerous condition; that public policy required such dangerous condition to be cleaned up; that a public employee was required to cure such dangerous condition; that the public employee was injured shoveling sand in the process of cleaning up such dangerous condition; and that such dangerous condition was created by the negligent acts of the appellant.

The Texas Supreme Court has set out the test of foreseeability:

It is not required that the particular accident complained of should have been foreseen. All that is required is that the injury be of such a general character as might reasonably have been anticipated; and, that the injured party should be so situated with relation to the wrongful act that injury to him or to one similarly situated might reasonably have been foreseen.

*Texas Cities Gas Co. v. Dickens*, 140 Tex. 433, 168 S.W.2d 208 (Tex.1943).

The appellant cites *The City of Bishop v. South Texas Electric Co-operative, Inc.*, 577 S.W.2d 331 (Tex.Civ.App.—Corpus Christi 1979, no writ), where a fire truck was destroyed while fighting a fire. The fire truck became disabled by reason of a mechanical problem, and the jury by its answers to special issues found the defendant, South Texas Electric Cooperative, Inc., negligent; but it failed to find that such negligence was a proximate cause. There the court went into the question of foreseeability, an element of proximate cause, and held that the jury had properly applied the element of foreseeability in determining proximate cause.

The appellant has contended that the public servant here (the appellee) was doing the same type of work that he had done on previous occasions and that by reason thereof the appellant could safely conclude that the appellee would do his work in a safe and sane manner without injury to himself.

Appellant also cites *Jenkins v. Fitzler Development Corporation*, 580 S.W.2d 63 (Tex. Civ.App.—Houston [1st Dist.] 1979, writ ref'd n. r. e.) and *Shell Chemical Company v. Lamb*, 493 S.W.2d 742 (Tex.1973), both of which deal with the duty of an owner (occupier) of premises to a sub-contractor or licensee. Appellant cites *Owens v. Simon*, 245 Md. 404, 226 A.2d 548, (M.D.App.1967), and *Johnson v. Aetna Casualty and Surety Company*, 339 F.Supp. 1178 (M.D.Fla.1972) as authority.

In the *Owens* case a police officer was investigating an automobile collision. He directed one car to move from the scene and was struck by the car which was damaged in the collision. The court stated that the zone of danger was the intersection where the collision occurred. He was not at the zone of danger when the accident occurred but arrived later. After he arrived, all parties acted at his direction. The court in that case applied the rule set forth by Judge Offet in *Holler v. Lowery*, 175 Md. 149, 200 A. 353, (1938), wherein he said:

> There is no mystery in the doctrine of proximate cause. It rests upon common sense rather than legal formula. Expressed in the simplest terms it means that negligence is not actionable unless it, without the intervention of any independent factor causes the harm complained of. It involves of course the idea of continuity, that the negligent act continuously extends through every event, fact, act and occurrence related to the tortious conduct of the defendant and is itself the logical and natural cause of the injury complained of.

The court held in the *Owens* case that a new cause had arisen and the appellant was denied recovery of damages.

In *Johnson, supra*, a fireman lost his life while fighting a fire at an A & P store.

His family claimed that Aetna Casualty was liable to the decedent's family for damages because Aetna Casualty owed a duty to the A & P store to discover and/or report violations of the State of Florida Public Safety laws. The court said, "The question in its simplest form is whether this inspection for and the reporting of all such hazards was intended to be for the protection and benefit of the decedent." In applying this thought to the case the court said: "There can be found by this court, however, no duty or obligation to that class of persons to whom the decedent was a member, i.e., firemen, entering the empty and burning building, in the performance of their official duty." In *Johnson v. Aetna Casualty and Surety Company, supra*, the court denied recovery, holding that a new cause had arisen upon the firemen entering the building in the performance of their normal obligations to suppress fires.

The appellant contends that to hold that if the appellee can recover from the appellant because of the appellant's negligence in spilling oil on a public roadway; then, in that event every person who is a user of the public roadway would become an insurer of public employees, i.e., road workers, who are injured performing their usual work.

An act of negligence alone does not create an absolute right of recovery. There must also be a finding of proximate cause before there can be a recovery from the negligent person. In order for a finding of proximate cause to support a judgment, there must be a finding of foreseeability, an element of proximate cause.

In *Texas Cities Gas Co. v. Dickens, supra*, a fireman responded to a fire call and explosion in a building within the city of Waco. He was in the process of fighting the fire when another gas explosion occurred within the building, and the fireman was injured by the second explosion. The second explosion occurred because the gas company, whose superintendent and another employee, after being requested to turn off the supply of gas to the building, failed to do so within a reasonable time and by

reason of such failure created a *new* dangerous condition. The injuries sustained did not occur as a result of the first explosion to which the fireman responded.

See also, *Harris v. Atchison, Topeka and Santa Fe Railway Co.*, 538 F.2d 682 (5th Cir. 1976).

■ The evidence in the case at bar establishes, as a matter of law, the absence of foreseeability, one of the two elements necessary to constitute proximate cause. *Hopson v. Gulf Oil Corp.*, 150 Tex. 1, 237 S.W.2d 352, 355 (1951); *Enloe v. Barfield*, 422 S.W.2d 905, 908 (Tex.1967).

It is clear that the appellee would not have been injured if the oil had not been spilled on the highway as a result of the appellant's negligence. However, the question is whether agents and servants of the negligent appellant, as persons of ordinary intelligence and prudence, should have anticipated that the negligent act would create danger to others; i.e., that is to public employees who have the duty to cure dangerous conditions upon public roadways.

The appellant, its agents and servants, could reasonably have foreseen that other drivers upon the roadway, who had no knowledge of the oil spill on the roadway, might receive injuries; however, this event was guarded against by flagging oncoming traffic and then diverting it to that portion of the roadway which was free from the oil spill.

■ If the appellant's employee could reasonably have foreseen the natural and probable consequences of his negligent act, his employer would be responsible for any injury proximately caused thereby, even though he could not anticipate just how the injury would arise from his misconduct. *Sullivan v. Flores*, 134 Tex. 55, 132 S.W.2d 110, 111 (1939). However, the appellant would not be held responsible for an injury resulting from a negligent act if the act was so early and remote that it did nothing more than give rise to the occasion by which the injury was made possible and if the injury resulted from some other cause which reasonably would not have been anticipated. *Bell v. Fore*, 419 S.W.2d 686 (Tex.Civ.App.—Texarkana 1967) aff'd 434 S.W.2d 117 (Tex.1968); *Robertson v. Southwestern Bell Telephone Co.*, 403 S.W.2d 459 (Tex.Civ.App.—Tyler 1966, no writ).

In the case at bar the appellant's negligence did nothing more than create the situation by which the injury of the appellee was made possible. Although the injury would not have occurred except for the oil spillage, it cannot be said that the appellant, as a person of ordinary intelligence and prudence, should have anticipated that the appellee would sustain an injury by wrenching his back while performing the very job he was employed to do, i.e., the placement of sand on the oil spill. In our opinion this case is governed by the rationale of *City of Bishop v. South Texas Electric Co-operative, Inc., supra; Owens v. Simon, supra; Johnson v. Aetna Casualty and Surety Company, supra.*

The appellee, Trailmobile, a division of Pullman, Inc., who was made a party to this cause by appellant, has not been found guilty of any act of negligence, so the trial court's judgment pertaining to the third-party action should be affirmed.

The judgment of the trial court is reversed and rendered, that appellee take nothing from appellant and in all other respects the judgment is affirmed.