**WAL–MART STORES, INC. Appellant,**

v.

**Bevin Spence COOPER et al., Appellee.**

**No. 11–98–00124–CV.**

Court of Appeals of Texas, Eastland.

July 22, 1999.

Elizabeth D. Miller, Bobby G. Pryor, Pryor & Bruce, Rockwall, Scott A. Whisler, Grau & Bassett PC, Dallas, for Appellant.

Randall E. Turner, Russell Turner Laird & Jones, Fort Worth, R. Bruce Moon, Gwinn & Roby, Fort Worth, Lorin M. Subar, Law Offices of Lorin M. Subar, Dallas, for Appellees.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

## OPINION

TERRY McCALL, Justice.

Wal–Mart appeals the trial court's judgment against it for $43,395 plus interest in favor of Bevin Spence Cooper. Because we find the evidence to be insufficient to support a finding of proximate cause as to Wal–Mart, we reverse and render in part.[1]

### Background Facts

Donna Rauner purchased a mattress and box spring from the Lewisville Sam's Club. A Sam's employee tied both items to the roof of Rauner's Jeep Cherokee. The employee testified that he warned Rauner not to exceed 35 miles per hour and to avoid any major roads or highways. Rauner denied receiving those warnings. After leaving the Sam's Club, she entered the southbound lanes of Interstate 35. Rauner testified that, when her speed reached about 40 miles per hour, the mattress and box spring came loose and fell onto the highway.[2] One item landed on or near the right shoulder, and one landed between the center and left lanes of traffic. Rauner stopped on the right shoulder and called 9–1–1 for assistance.

Several cars passed the scene without hitting the mattress or box spring. Cooper and a co-worker were also traveling south on Interstate 35. They had just exited the interstate in order to turn onto Highway 121 when they saw the mattress and box spring in the road and Rauner in her Jeep. Cooper drove up the service road, parked his pickup in a nearby parking lot, and ran toward the scene. Cooper testified that he paused for a moment to look for traffic before he ran across the lanes of traffic toward the box spring.[3] Rauner and other witnesses testified that Cooper did not pause before running into traffic. He grabbed a corner of the box spring and turned to drag it back across the highway. At that moment, Tory Taylor's car struck Cooper. Taylor saw the box spring, the mattress, and Cooper. He tried to avoid hitting Cooper but misjudged Cooper's direction. Cooper sustained fractures in both wrists and in his right shin.

Cooper sued Taylor, Rauner, and Wal–Mart. The trial court denied Wal–Mart's motion for instructed verdict. The jury found that the negligence of Taylor, Raun-

---

1. Cooper recovered $1,350.49 from another defendant, Tory Taylor. Taylor did not perfect an appeal, and Cooper raises no cross-points concerning Taylor. Thus, we affirm the judgment as to Taylor.

2. Earlier, Rauner gave a witness statement to the police in which she said that her speed was 55 miles per hour.

3. Other testimony indicates that the mattress was the item lying between the center and left lanes of traffic.

er, Wal–Mart, and Cooper proximately caused Cooper's injuries.[4] The jury apportioned one percent of responsibility for the incident to Taylor and divided the remaining responsibility between Rauner, Wal–Mart, and Cooper, giving each 33 percent. The trial court denied Wal–Mart's motion for a judgment n.o.v. and rendered judgment on the verdict.

### Points of Error

Wal–Mart argues in its first point of error that the trial court erred in denying its motions for an instructed verdict and for judgment n.o.v. because the evidence was legally insufficient to establish proximate cause; Cooper's injuries were not proximately caused by the acts or omissions of Wal–Mart or its employees. Wal–Mart also argues in its first point of error that the trial court should have instructed a verdict or rendered a judgment n.o.v. because it owed Cooper no duty. Wal–Mart argues in its second point of error that the trial court erred in denying its motion for new trial because jury misconduct occurred and because the evidence was factually insufficient to support the jury's finding. We dispose of this case on the issue of proximate cause. TEX. R.APP.P. 47.1.

### Standard of Review

A trial court may grant a judgment n.o.v. if a directed verdict would have been proper. TEX.R.CIV.P. 301. Thus, the standard of review for both a directed verdict and a judgment n.o.v. is the same. The trial court can properly grant a directed verdict or judgment n.o.v. only if there is no evidence to support the jury's findings. *Exxon Corporation v. Quinn*, 726 S.W.2d 17, 19 (Tex.1987). To review the decision of the trial court, we must consider only the evidence and reasonable inferences that support the jury's answers. *Best v. Ryan Auto Group, Inc.*, 786 S.W.2d 670, 671 (Tex.1990).

### Proximate Cause

To establish a negligence claim, a plaintiff must prove that: (1) the defendant owed him a duty; (2) the defendant breached that duty; and (3) the breach of that duty proximately caused the plaintiff's injuries. *Firestone Steel Products Company v. Barajas*, 927 S.W.2d 608, 613 (Tex. 1996). Proximate cause consists of two elements: cause in fact and foreseeability. *Exxon Corporation v. Quinn, supra; Nixon v. Mr. Property Management Company, Inc.*, 690 S.W.2d 546 (Tex.1985). Even if an injury would not have occurred "but for" the defendant's conduct, some events caused by the defendant's conduct are too far attenuated from the plaintiff's harm to constitute legal cause. *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 472 (Tex.1991).

The court in *Lear Siegler* quoted with approval this comment on causation from the RESTATEMENT (SECOND) OF TORTS § 431 cmt. a (1965):

> In order to be a legal cause of another's harm, it is not enough that the harm would not have occurred had the actor not been negligent.... The negligence must also be a substantial factor in bringing about the plaintiff's harm. The word "substantial" is used to denote the fact that the defendant's conduct has such an effect in producing the harm as to lead reasonable men to regard it as a cause, using that word in the popular sense, in which there always lurks the idea of responsibility, rather than in the so-called "philosophic sense," which includes every one of the great number of events without which any happening would not have occurred.

*Lear Siegler, Inc. v. Perez, supra* at 472; see *Texas & P. Ry. Co. v. Bigham*, 90 Tex. 223, 38 S.W. 162, 163 (1896). More recently, the Supreme Court has said that "[f]oreseeability does not permit simply viewing the facts in retrospect and theorizing an extraordinary sequence of events by which the defendant's conduct caused the

---

4. Cooper dismissed Rauner from the lawsuit prior to trial for reasons that are not clear from the record. Rauner's responsibility evidently was submitted as a "settling person." See TEX. CIV. PRAC. & REM. CODE ANN. § 33.003(3) (Vernon 1997).

injury." *Read v. Scott Fetzer Co.*, 990 S.W.2d 732 (Tex.1998).

We will assume arguendo that Wal–Mart owed Cooper a duty when it tied the mattress onto Rauner's car. We will further assume that Wal–Mart's negligence proximately caused the mattress to come loose from the car. We must decide whether Wal–Mart's negligence proximately caused Cooper's injuries.

### Bell v. Campbell

Wal–Mart relies largely on *Bell v. Campbell*, 434 S.W.2d 117 (Tex.1968), to support its claim that the evidence fails as a matter of law to establish proximate cause. In *Bell*, a car pulling a trailer rear-ended a pickup. Both cars went off the roadway, but the trailer overturned in a lane of traffic. Bystanders on the scene attempted to move the trailer from the road but were hit by an oncoming driver; two were killed. The decedents' families sued all three drivers. The Supreme Court assumed that the negligence of both the first two drivers was a proximate cause of the first collision. The court went on to hold, however, that the evidence failed as a matter of law to establish that the negligence of the first two drivers in causing the first collision was the proximate cause of the second collision. *Bell v. Campbell, supra* at 122.[5]

The *Bell* court noted:

It is well settled that for a negligent act or omission to be the proximate cause of an injury, *the injury must be the natural and probable result of the particular act or omission. This is based on the premise that a party should not be held responsible for consequences that could not reasonably have been foreseen.* When the active and immediate cause of the injury is an independent agency, therefore, the first inquiry is whether the intervening cause and its probable consequences were such

as could reasonably have been anticipated by the original wrongdoer. (Emphasis added)

*Bell v. Campbell, supra* at 120. The court held that the first two drivers:

[C]ould not reasonably foresee that the manner in which they operated their vehicles prior to the first collision might lead to the serious injury or deaths of persons *not even in the zone of danger* as a result of their being struck by another automobile which was some distance away at the time. (Emphasis added)

*Bell v. Campbell, supra* at 121.

The court summed up the evidence:

All acts and omissions charged against [the first two drivers] had run their course and were complete. Their negligence did not actively contribute in any way to the injuries involved in this suit. It simply created a condition which attracted [the plaintiffs] to the scene, where they were injured by a third party. [The defendants'] negligence was not a concurring cause of their injuries.

*Bell v. Campbell, supra* at 122. The Supreme Court recently cited *Bell* for the proposition that "[c]ause in fact is not shown if the defendant's negligence did no more than furnish a condition which made the injury possible." *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex.1995).

### Courts of Appeals Cases

In response to Wal–Mart's reliance on *Bell*, Cooper cites three recent courts of appeals cases that have facts similar to the present case and that distinguish *Bell*. See *J. Wigglesworth Company v. Peeples*, 985 S.W.2d 659 (Tex.App.—Fort Worth 1999, pet'n den'd); *J.D. Abrams, Inc. v. McIver*, 966 S.W.2d 87 (Tex.App.—Houston [1st Dist.] 1998, pet'n den'd); *Almaraz v. Burke*, 827 S.W.2d 80 (Tex.App.—Fort Worth 1992, writ den'd).[6]

---

**5.** The issue in *Bell* was whether the trial court erred by failing to submit issues on whether the negligence of the first two drivers in causing the first collision proximately caused the

decedents' injuries. *Bell v. Campbell, supra* at 120.

**6.** *Cooper also cites Henry v. Houston Lighting & Power Company*, 934 S.W.2d 748 (Tex.

In *Almaraz,* the defendant sideswiped a car on the highway and drove away, leaving the car stranded in the middle of the highway. Ten minutes later, the plaintiff ran into the stranded car, and another car struck the plaintiff's car. The *Almaraz* court read *Bell* as holding that "the two drivers in the initial accident ... could not foresee that a drinking driver would come along later, ignore the flashlight signal of danger, and cause injury to third parties attempting to remove the trailer from the highway." *Almaraz v. Burke, supra* at 82.

The *Almaraz* court distinguished *Bell* from its facts:

> Considering all this evidence, we believe that a rational trier of fact could determine that a driver could reasonably foresee that a wrecked vehicle remaining in the interstate at that location at that time of day could be involved in another accident before preventive action could be taken.

*Almaraz v. Burke, supra* at 82. This language, however, suggests that the proximate cause of the second collision may not have been the defendant's negligence in causing the first collision. Rather, the court may have considered that the proximate cause of the second collision was the defendant's negligence in leaving the scene without rendering assistance. *Almaraz* does not discuss whether, as in *Bell,* the forces in its case "had run their course and were complete." See *Bell v. Campbell, supra* at 122.

The Fort Worth Court again distinguished *Bell* in *Wigglesworth.* In that case, a truck carrying a wide load missed the exit designated in its permit and proceeded into a construction area. Eventually, the wide-load truck came to a bridge that was too narrow for it to cross. The truck stopped and began backing up. Traffic, including the plaintiff in his truck, slowed and stopped behind the wide-load truck. The plaintiff used his CB radio to warn traffic behind him to stop but heard someone on the CB saying, "I can't stop." Moments later, another truck rear-ended the plaintiff. The plaintiff sued the wide-load trucker and his employer.

The *Wigglesworth* court cited *Almaraz* as "holding that a rational jury could have concluded that, by causing [the first car] to become disabled on an interstate highway, Alamaraz was a cause of the collision between [the first car and the plaintiff's car]." *J. Wigglesworth Company v. Peeples, supra* at 664. The court then held that, "[i]n this case, the evidence clearly established that [the defendant's] negligence and the effects thereof, i.e., the traffic backup, had not come to a rest." *J. Wigglesworth Co. v. Peeples, supra.* The court distinguished *Bell* because the defendant's negligence "did not simply create a condition that made [the plaintiff's] injuries possible or cause [him] to be in the wrong place at the wrong time." *J. Wigglesworth Company v. Peeples, supra.*

The First Court of Appeals cited *Bell* in *J.D. Abrams, Inc.* In that case, the defendant construction company had negligently narrowed the road lanes in a work area. Because of the negligent narrowing, traffic came to an "abrupt stop" around the area where the plaintiff was rear-ended by a drunk driver. The court held that, unlike in *Bell,* the effects of the negligent lane closure had not ended because the traffic stopped immediately prior to the accident. Thus, the court held that the construction company's on-going negligence could be a proximate cause of the plaintiff's injuries. *J.D. Abrams, Inc. v. McIver, supra* at 94.

### The Present Case

Each of these cases may be distinguished from the present case. *Wigglesworth* and *J.D. Abrams, Inc.* both involved situations where the defendant's negligence and its effects were continuing; the

App.—Houston [1st Dist.] 1996, writ den'd), which also distinguishes *Bell.* The facts in *Henry,* however, are not sufficiently analogous to be discussed here. But see *Scurlock Oil*

*Company v. Birchfield,* 630 S.W.2d 674 (Tex. App.—Houston [1st Dist.] 1981, no writ), cited in *Henry* and applying *Bell* to nearly identical facts.

injuries were sustained as part of a single flowing transaction. The victims in both cases were arguably more foreseeable; they were normal users of the roadway. *Almaraz* presented facts more similar to the present case, but its plaintiff was also a more foreseeable victim, another driver on the road. As noted above, the negligence of *Almaraz* that proximately caused the second accident may have been his failure to stop and render assistance. In each of the courts of appeals cases, the victim was more foreseeable, and the causal chain was less attenuated.

We cannot distinguish *Bell*, however. The facts are nearly identical, except for the fact that in *Bell* a trailer, not a mattress and box spring, lay in the road. Although subsequent cases make much of the fact that the driver who hit the plaintiffs in *Bell* was drunk, the Supreme Court's decision did not rest on that fact. Furthermore, the plaintiffs in *Bell* took steps to prevent such an accident from occurring: they had sent a man up the road with a flashlight to signal oncoming cars. Subsequent cases also noted that the driver who hit the *Bell* decedents either ignored or overlooked the signalman, but the Supreme Court's decision in *Bell* did not rest on that fact either.

■ In the present case, the negligence of Rauner and Wal–Mart, in varying degrees, arguably caused the mattress and box spring to come loose and to fall into the roadway. Cooper was not in the area at the time the mattress and box spring fell. He had exited the interstate, driven up the service road, and parked his pickup. Cooper ran to the scene from a parking lot located across the service road and medians. Furthermore, he took no steps to ensure that he could safely retrieve the box spring from the busy interstate highway. Rather than drag the queen-sized box spring to the left shoulder, which was closer, he attempted, by himself, to carry it across two lanes of traffic. In this case, Cooper's actions were unforeseeable by Wal–Mart. The causal chain between Wal–Mart's negligent tying of the mattress and box spring and Cooper's negligent attempt at rescue was too attenuated. Wal–Mart's negligence did nothing more than provide a condition which attracted Cooper to the scene. We hold that Wal–Mart's negligence was not a proximate cause of Cooper's injuries.

Cooper argues that, even if it did nothing more than create a condition which attracted him to the scene, Wal–Mart is still liable because the rescue doctrine applies. Even if it did apply, the rescue doctrine does not dispense with the requirement of proximate cause in negligence cases. *Snellenberger v. Rodriguez*, 760 S.W.2d 237, 238 (Tex.1988). Wal–Mart's negligence was not the proximate cause of Cooper's injuries. The trial court erred by not instructing a verdict or rendering judgment n.o.v. We sustain Wal–Mart's first point of error.

### This Court's Judgment

Without establishing proximate cause, Cooper's cause of action against Wal–Mart fails. Because Taylor did not appeal the judgment and its apportionment of responsibility and damages to him and because Cooper did not raise any cross-points concerning him, the judgment of the trial court is affirmed as to Taylor. The judgment of the trial court as to Wal–Mart is reversed, and we render judgment that Cooper take nothing from Wal–Mart.