COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS





JENNIFER NOBLIN, INDIVIDUALLY
AND AS PERSONAL
REPRESENTATIVE OF THE ESTATE
OF JAMES L. NOBLIN, DECEASED,


 Appellant,


v.


EE RANCHES, INC.,


 Appellee. 

§


 


§


 


§


 


§


 


§



§


 §


No. 08-07-00231-CV



Appeal from


 59th District Court


of Grayson County, Texas


(TC # 04-1754)





O P I N I O N



 Jennifer Noblin, Individually and as Personal Representative of the Estate of James L.
Noblin, Deceased, appeals from a summary judgment granted in favor of EE Ranches, Inc. Because
summary judgment was proper with regard to causation, we affirm.

FACTUAL SUMMARY


 EE Ranches is a horse-breeding facility located in Whitesboro, Grayson County, Texas. 
Stewart Tank Company and Oilfield Supply (Stewart Tank) is in the scrap metal business. Pursuant
to an agreement with EE Ranches, Stewart Tank picked up scrap metal from the ranch in a
uncovered "roll-off" container (1) which Stewart Tank supplied for that purpose. After EE Ranches'
employees placed scrap metal in the "roll-off" container, they would call Stewart Tank to pick it up
and Stewart Tank would leave an empty container in its place. 

 On June 4, 2004, James Henderson, a Stewart Tank employee, was dispatched to pick up a
full "roll-off" container at EE Ranches. Stewart Tank owned both the "roll-off" container and the
truck driven by Henderson. After he arrived at EE Ranches, Henderson unloaded the empty
container next to the full one. He looked at the full container and noticed that although the tin was
not above the sides, it was loaded high enough to be caught by the wind. He removed enough of the
excess tin so that it was further below the rim and at a level where he believed it would be safe for
him to haul. It is undisputed that Henderson did not cover the container. Henderson then loaded the
full container on the truck and left EE Ranches, heading south on Highway 377. Approximately two
miles from the ranch, Henderson saw a piece of tin fly off of the truck and hit the road. A
motorcycle traveling behind the truck hit the tin, fell over, and began sliding. Henderson stopped
the truck and ran back to where the motorcyclist, James Noblin, was lying face down. Tragically,
Noblin died as a result of the accident. Henderson was cited for failing to cover the load to prevent
spillage. A photograph taken of the truck taken shortly after the accident shows at least one piece
of tin extending above the top of the container. Henderson testified in his deposition that all of the
tin was below the sides of the container when he left EE Ranches. 

 Appellant filed a negligence action against James Henderson, Stewart Tank Company,
EE Ranches, Roll-Offs USA, and Roll Offs of America. With respect to the claim against
EE Ranches, Appellant alleged that the facility and its employees overfilled the roll-off container
with scrap metal and that overfilling proximately caused the accident which killed Noblin. 
EE Ranches moved for both traditional and no-evidence summary judgments on the following
grounds:

 1. EE Ranches did not owe a duty to the deceased, and alternatively, Appellant had no
evidence establishing EE Ranches owed the deceased a duty;


 2. EE Ranches did not breach any duty owed to the deceased, and alternatively, Appellant
had no evidence that EE Ranches breached any duty owed to the deceased; and


 3. the summary judgment evidence established that (a) any alleged negligence of
EE Ranches was not the proximate cause of the accident, and (b) the superseding negligence
of Henderson and Stewart Tank was the proximate cause of the accident; and alternatively,
Appellant had no evidence that any alleged negligence of EE Ranches was the proximate
cause of the accident; and


 4. EE Ranches was entitled to summary judgment dismissing Appellant's claims based on
vicarious liability because EE Ranches did not have the right to control Henderson and
Stewart Tank's injury-producing activity, and alternatively, Appellant had no evidence that
EE Ranches had a right to control Henderson and Stewart Tank's injury-producing activity. 


 The trial court granted EE Ranches' motion for summary judgment without specifying the
basis for its ruling. Appellant raises two issues for review. In Issue One, she contends that the trial
court erred by granting summary judgment on the grounds that EE Ranches did not owe a duty to
Noblin or that EE Ranches did not breach any duty owed to Noblin. In Issue Two, she complains
that summary judgment should not have been granted on the ground that EE Ranches' negligence
did not proximately cause the accident. This second issue is dispositive of the appeal.

TRADITIONAL SUMMARY JUDGMENT


Standard of Review


 The standard of review for traditional summary judgment is well established. Nixon v.
Mr. Property Management Co., Inc., 690 S.W.2d 546, 548 (Tex. 1985). The moving party carries
the burden of showing there is no genuine issue of material fact and it is entitled to judgment as a
matter of law. Browning v. Prostok, 165 S.W.3d 336, 344 (Tex. 2005); Duran v. Furr's
Supermarkets, Inc., 921 S.W.2d 778, 784 (Tex.App.--El Paso 1996, writ denied). Evidence
favorable to the non-movant will be taken as true in deciding whether there is a disputed issue of
material fact. Fort Worth Osteopathic Hosp., Inc. v. Reese, 148 S.W.3d 94, 99 (Tex. 2004); Duran,
921 S.W.2d at 784. All reasonable inferences, including any doubts, must be resolved in favor of
the non-movant. Id.; Duran, 921 S.W.2d at 784. A movant who conclusively negates at least one
essential element of a cause of action is entitled to summary judgment on that claim. Southwestern
Electric Power Company v. Grant, 73 S.W.3d 211, 215 (Tex. 2002). Where the trial court's
judgment does not specify the ground or grounds relied upon for its ruling, the summary judgment
must be affirmed if any of the theories advanced is meritorious. Carr v. Brasher, 776 S.W.2d 567,
569 (Tex. 1989); Garcia v. El Paso Ltd. Partnership, 203 S.W.3d 432, 435 (Tex.App.--El Paso
2006, no pet.).

Proximate Cause


 Negligence consists of three essential elements: (1) a legal duty owed by one person to
another, (2) a breach of that duty, and (3) damages proximately resulting from the breach. IHS
Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason, 143 S.W.3d 794, 798 (Tex. 2004); Mellon
Mortgage Co. v. Holder, 5 S.W.3d 654, 663 (Tex. 1999). The two elements of proximate cause are
cause in fact and foreseeability. IHS Cedars, 143 S.W.3d at 798; Travis v. City of Mesquite, 830
S.W.2d 94, 98 (Tex. 1992). These elements cannot be satisfied by mere conjecture, guess, or
speculation. IHS Cedars, 143 S.W.3d at 798-99; Doe v. Boys Clubs of Greater Dallas, Inc., 907
S.W.2d 472, 477 (Tex. 1995). Cause in fact is established when the act or omission was a
substantial factor in bringing about the injuries, and without it, the harm would not have occurred. 
 IHS Cedars, 143 S.W.3d at 799. In order to be the proximate cause of another's harm, it is not
enough that the harm would not have occurred had the actor not been negligent. Id. This is
necessary, but it is not of itself sufficient. Id. The negligence must also be a substantial factor in
bringing about the plaintiff's harm. Id. Accordingly, cause in fact is not established where the
defendant's negligence does no more than furnish a condition which makes the injuries possible. 
Id. In other words, the conduct of the defendant may be too attenuated from the resulting injuries
to the plaintiff to be a substantial factor in bringing about the harm. Id.; Boys Clubs, 907 S.W.2d
at 477.

 Appellant alleges that overfilling (2) the container proximately caused the accident which took
Noblin's life. Her argument does not take into account Henderson's violation of the Texas
Transportation Code. Section 725.021 requires that a vehicle be equipped and maintained to
prevent loose material from escaping by blowing or spilling. Tex.Transp.Code Ann. § 725.021
(Vernon Supp. 2008). "Loose material" means material that can be blown or spilled from a vehicle
because of movement or exposure to air, wind currents, or other weather. Tex.Transp.Code Ann.
§ 725.001(2). At the time of the accident, Section 725.021(c) provided:

 The load shall be covered and the covering firmly secured at the front and back,
unless the load:


 (1) is completely enclosed by the load-carrying compartment; or


 (2) does not blow or spill over the top of the load-carrying
compartment.


Tex.Transp.Code Ann. § 725.021(c)(Vernon 1999). (3) The statute exists to eliminate the risk posed
by the transportation of loose materials and is not limited in its application to overfilled containers. 
It is possible for loose tin to blow out of an uncovered container and onto the highway even where
the container is not overfilled. In such a case, the non-negligent placement of tin in an open
container would create the same condition as the alleged negligent overfilling of the container. If
Henderson had complied with Section 725.021(c)'s requirements and had covered the load, the tin
would not have blown out of the container regardless of whether the container had been overfilled
by EE Ranches' employees. Thus, the overfilling of the container created a condition which made
the accident possible, but it was the independent contractor's failure to cover or enclose the loose
materials as required by Texas law which proximately caused the accident. 

 Appellant next argues that there was concurrent causation, and that the negligence of
Henderson and Stewart Tank, coupled with the negligence of EE Ranches, coalesced to cause
Noblin's death. EE Ranches counters that the facts here demonstrate a superseding cause rather than
concurrent causation. We agree. As a general rule of concurrent causation, all actors whose
negligence contribute to the injury and proximately cause it are liable. Travis v. City of Mesquite,
830 S.W.2d 94, 98 (Tex. 1992). Superseding cause is defined as "an act of a third person or other
force which by its intervention prevents the actor from being liable for harm to another which his
antecedent negligence is a substantial factor in bringing about." Restatement (Second) of Torts
§ 440 (1965). An intervening cause, even if unforeseeable, may be a concurring cause if the chain
of causation flowing from the defendant's original negligence is continuous and unbroken. Teer v.
J. Weingarten, Inc., 426 S.W.2d 610, 614 (Tex.Civ.App.--Houston [14th Dist.] 1968, writ ref'd
n.r.e.). Whether an intervening cause bars a defendant's liability depends on whether forces
generated by that defendant's negligence have already ceased. Henry v. Houston Lighting & Power
Co., 934 S.W.2d 748, 753-54 (Tex.App.--Houston [1st Dist.] 1996, writ denied). Such is the case
here. Employees of EE Ranches filed the container, even overfilling it as counsel conceded for
purposes of argument. Their conduct then ceased. Henderson, on behalf of Stewart Tank,
rearranged the scrap metal, removed some of it, and then proceeded to haul it away without covering
the remainder. The conduct of EE Ranches had come to a rest at that point; any causation flowing
from its original negligence was not continuous and unbroken.

 We conclude that the trial court properly granted summary judgment on the proximate cause
ground. Consequently, we overrule Issue Two. Having determined that EE Ranches conclusively
negated the proximate cause element of the negligence cause of action, we find it unnecessary to
address the remaining issues presented on appeal. The judgment of the trial court is affirmed.


July 31, 2009 

 ANN CRAWFORD McCLURE, Justice


Before Chew, C.J., McClure, and Carr, JJ.

Carr, J., not participating

1. The container was manufactured by Roll-Offs USA, Inc. and Roll Offs of America, Inc., and it was owned
by Stewart Tank Company & Oilfield Supply. 
2. There is conflicting evidence whether the container was overfilled. In addressing the proximate cause issue,
we have assumed that the container was overfilled. 
3. Section 725.021 has since been amended to add subsection (e) which applies to commercial motor vehicles. 
See Tex.Transp.Code Ann. § 725.021(e)(Vernon Supp. 2008). This subsection requires that a load of loose materials
be covered or completely enclosed by the load-carrying compartment.