NO. 07-10-0498-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

APRIL 9, 2012

_____


JAMES BRETT CUMMINGS, APPELLANT

V.

CONNER MACHINE, INC., APPELLEE

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 99128-E; HONORABLE DOUGLAS R. WOODBURN, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, James Brett Cummings, appeals from entry of summary judgment in favor of Appellee, Conner Machine, Inc., in a personal injury action seeking damages for injuries sustained by Cummings while he was repairing an electrical fuse holder. Cummings asserts the trial court erred in granting summary judgment in Conner Machine's favor because (1) Conner Machine failed to disprove that its negligence proximately caused Cummings's injuries and (2) Cummings raised a genuine issue of

material fact whether Conner Machine's negligence proximately caused Cummings's injuries. We affirm.

## Background

On November 9, 2006, the boom of a crane operated by Conner Machine struck an overhead electric power transmission line near a Continental Carbon plant located in Sunray, Texas. The crane operator was traveling down a country road with his boom extended too high when he struck the plant's transmission line causing an electrical power outage at the plant. In addition to causing a short in the center phase electric line, the accident also damaged a fuse holder located inside the plant seventy-five yards away. Power was restored to the plant in approximately thirty to forty-five minutes.

At the time of the accident, Cummings was employed by Continental Carbon in the capacity of plant electrician and was directed to repair the plant's electrical system. Approximately an hour after the crane struck the electrical transmission line, Cummings was injured by an electric shock while repairing the fuse holder. After Cummings was injured, Continental Carbon concluded that his accident occurred after he came into contact with energized power lines in the plant while attempting to repair the fuse holder.

In October 2008, Cummings filed his *Petition for Intervention* in an action brought by Zurich American Insurance Company, as his subrogee, against a number of defendants including Conner Machine. In his *Petition*, he alleged, among other things, that his injuries were caused by the negligence of Conner Machine. In May 2010, Conner Machine filed its motion for summary judgment contending that any negligent

2

act or omission allegedly committed by Conner Machine in knocking down the power line to the plant did not proximately cause Cummings's injuries. On October 4, 2010, the trial court entered its *Order Granting Defendant Conner Machine Inc.'s Motion for Summary Judgment* and this appeal followed.

## Discussion

Cummings contends the trial court erred in granting summary judgment in Conner Machine's favor on the issue of causation because the evidence shows that Conner Machine negligently struck the plant's power line causing the plant to lose power, thereby damaging the fuse holder inside the plant. Cummings was subsequently dispatched by his employer to repair the damaged fuse holder. While repairing the fuse holder, he suffered injuries due to an electric shock. At the very least, he asserts this evidence creates a genuine issue of material fact whether Conner Machine's negligent act of striking the plant's power line caused his injuries. We disagree.

### Standard of Review

A party may prevail on a traditional summary judgment motion by conclusively establishing the absence of any genuine issue of a material fact and that the party is entitled to a judgment as a matter of law. Tex. R. Civ. P. 166a(c). We review the trial court's summary judgment *de novo. Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life and Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 215 (Tex. 2003). A defendant is entitled to summary judgment if it negates at least one essential element of the plaintiff's cause of action as a matter of law. *Randall's Food*

*Mkts, Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995); *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 476-77 (Tex. 1995); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991). Once the movant has established a right to summary judgment, the non-movant has the burden to respond to the motion for summary judgment and present to the trial court any issues that would preclude summary judgment. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).

In reviewing a trial court's summary judgment, we resolve all doubts against the movant, and view the evidence in the light most favorable to the non-movant. *Shah v. Moss*, 67 S.W.3d 836, 842 (Tex. 2001); *Doe*, 907 S.W.2d at 477. If a trial court's order granting summary judgment does not specify the basis for the trial court's ruling, as here, the summary judgment will be affirmed if any of the theories advanced by the movant are meritorious. *Joe v. Two Thirty Nine JV*, 145 S.W.3d 150, 157 (Tex. 2004).

**Negligence**

The elements of a negligence cause of action are the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach. *IHS Cedars Treatment Ctr. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004). The two elements of proximate cause are cause-in-fact or "substantial factor" and foreseeability. *Id.* (citing *D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002)). Both elements of proximate cause are required. *Grider v. O'Brien*, 260 S.W.3d 49, 57 (Tex.App.—Houston [1st Dist.] 2008, no pet.).

4

Foreseeability requires that "the injury be of such a general character as might reasonably have been anticipated; and, that the injured party should be so situated with relation to the wrongful act that injury to him or to one similarly situated might reasonably have been foreseen." *Scurlock Oil Co. v. Birchfield*, 630 S.W.2d 674, 677 (Tex.App.—Houston [14th Dist.] 1981, no writ) (citing *Texas Cities Gas Co. v. Dickens*, 140 Tex. 433, 168 S.W.2d 208 (Tex. 1943)). Further, even if an injury would not have occurred "but for" the defendant's conduct, some events caused by the defendant's conduct are too far attenuated from the plaintiff's harm to constitute a legal cause. *Wal-Mart Stores, Inc. v. Cooper*, 997 S.W.2d 823, 825 (Tex.App.—Eastland 1999, pet. denied) (citing *Siegler,* 819 S.W.2d at 472.

Regarding causation, the *Birchfield* court stated the following:

> If the appellant's employee could reasonably have foreseen the natural and probable consequences of his negligent act, his employer would be responsible for any injury proximately caused thereby, even though he could not anticipate just how the injury would arise from his misconduct. *Sullivan v. Flores,* 134 Tex. 55, 132 S.W.2d 110 (1939). However, the appellant would not be held responsible for an injury resulting from a negligent act if the act was so early and remote that it did nothing more than give rise to the occasion by which the injury was made possible and if the injury resulted from some other cause which reasonably would not have been anticipated. *Bell v. Fore,* 419 S.W.2d 686 (Tex.Civ.App.—Texarkana 1967), *aff'd*, 434 S.W.2d 117 (Tex. 1968).

*Birchfield,* 630 S.W.2d at 677.

In *Birchfield*, the evidence established that the defendant had negligently caused an oil spill on a public road, and the plaintiff, a public employee, wrenched his back while shoveling sand on the oil spill. *Birchfield,* 630 S.W.2d at 677. The *Birchfield* court noted that, while the defendant could have reasonably foreseen that other drivers upon

5

the roadway, who had no knowledge of the oil spill, might receive injuries, "it cannot be said that [the defendant], as a person of ordinary intelligence and prudence, should have anticipated that [the plaintiff] would sustain an injury by wrenching his back while performing the very job he was employed to do, i.e., the placement of sand on the oil spill." *Id.* The *Birchfield* court held that "[t]he evidence in the case at bar establishes, as a matter of law, the absence of foreseeability, one of the two elements necessary to constitute proximate cause." 630 S.W.2d at 677.

We find *Birchfield* instructive. It was relevant in *Birchfield* that the forces involved in or generated by the oil spill had come to rest, and no one was in any real or apparent danger from them. Oncoming traffic was flagged down and diverted to the portion of the highway that was free from the oil spill when plaintiff's injury was suffered during the routine clean-up of the spill. 630 S.W.2d at 676. Similarly, here, approximately an hour after the transmission line was struck, electric power to the plant had been restored and no one was in any real or apparent danger from the power outage or the damaged fuse holder. And, Cummings was subsequently injured in the course of repairing the fuse holder, i.e., performing the very job he was employed to do, he suffered an electric shock. The question is whether Conner Machine's employees, as persons of ordinary intelligence and prudence, should have anticipated that their negligent act would create a danger to others, i.e., to the plant electrician tasked with repairing the fuse holder. *Birchfield,* 630 S.W.2d at 677. As did the *Birchfield* court, we find that Conner Machine's act of striking the transmission line had run its course prior to Cummings's

6

injuries and his injuries were not foreseeable to Conner Machine because he was injured while he was doing his job, i.e, repairing the plant's electrical system.[1]  *Id.*

*Union Pump Co. v. Albritton,* 898 S.W.2d 773 (Tex. 1995) is also instructive.  In *Union Pump*, a pump caught fire at a Texaco facility.  898 S.W.2d at 774.  Sue Albritton, a Texaco employee, assisted in extinguishing the fire.  *Id.*  Two hours after the fire had started, Albritton and a fellow employee went to block a nitrogen purge valve at the request of their employer.  *Id.*  Upon reaching the valve, they were informed that it was no longer necessary to block the valve.  *Id.*  As the two of them returned from the purge valve, they walked across a pipe rack which was still wet from the efforts to extinguish the fire, and Albritton was injured in a fall.  *Id.*  She alleged that Union Pump caused her injuries by manufacturing a defective pump which caused the fire, which in turn led to the pipe rack being wet and slippery, which ultimately caused her injuries.  *Id.* at 775. The *Union Pump* court determined causation did not exist between the pump fire and Albritton's injuries because the pump, by causing a fire, did no more than create the condition which made the plaintiff's injuries possible.  *Id.* at 776.  *See IHS Cedars Treatment Ctr.,* 143 S.W.3d at 800 ("Our precedents establish that merely creating a condition that makes harm possible falls short as a matter of law of satisfying the substantial factor test.")  Similarly, here, the evidence establishes that Conner Machine's conduct merely created the condition that made Cummings's injuries possible.  There is no evidence of record that the damaged fuse holder, itself, created a

---

[1]Because we have found an absence of evidence that Conner Machine's negligent act continued until Cummings was injured, Cummings has also failed to create a genuine issue of material fact whether Conner Machine's negligence was a concurrent cause of his injuries.  *See Noblin v. EE Ranches, Inc.,* 296 S.W.3d 773, 777 (Tex.App.—El Paso 2009, no pet.).  "An intervening cause, even if unforeseeable, may be a concurring cause if the chain of causation flowing from the defendant's original negligence is continuous and unbroken."  *Id.* (citing *Teer v. J. Weingarten, Inc.,* 426 S.W.2d 610, 614 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.)).

dangerous condition for anyone. Instead, the evidence establishes that Cummings was injured *after* he undertook to perform a repair in the normal course of his responsibilities as the plant's electrician. Thus, Cummings has failed to come forward with evidence establishing Connor Machine's conduct was a substantial factor in causing his subsequent injuries or that his injuries were foreseeable.

Cummings's reliance on *Henry v. Houston Lighting & Power Co.,* 934 S.W.2d 748 (Tex.App.—Houston [1st Dist.] 1996, writ denied) and *J. Wigglesworth Co. v. Peeples,* 985 S.W.2d 659 (Tex.App.—Fort Worth 1999, pet. denied) is misplaced. In both cases, the defendants' negligent acts were ongoing when the plaintiffs were injured. *See* 934 S.W.2d at 752; 985 S.W.2d at 664. In *Henry*, the defendant negligently drilled a hole for a utility pole and severed an underground gas line. 934 S.W.2d at 749. Plaintiff was dispatched by his employer to repair the gas leak. *Id.* When a fellow employee shouted "fire" and the plaintiff was injured trying to escape from the hole in which he was working, the dangerous gas leak had yet to be repaired and the dangerous condition of the severed gas line abated. *Id.* at 752. In *Peeples,* the defendant negligently caused his oversized load to block traffic on a road that was too narrow to permit his truck to pass. 985 S.W.2d at 663. Although some cars and eighteen-wheel trucks were able to stop behind the defendant, while the road was still blocked, one eighteen-wheeler was unable to stop in time and struck the plaintiff's truck from behind. *Id.* In our case, Conner Machine's negligent act was not ongoing when Cummings was injured. Rather, Cummings was injured an hour after Conner Machine's alleged negligent act and following restoration of the power to the plant. Moreover, there is no evidence of record that there was any apparent danger from the power

outage or the damaged fuse holder prior to Cummings initiating repair of the fuse holder.

Merely showing that Cummings's injuries would not have occurred but for Conner Machine's conduct is not sufficient to create an issue of material fact. There must be some evidence that Conner Machine's alleged negligence was a substantial factor in bringing about Cummings's claimed harm and that his injuries were foreseeable. *See IHS Cedars Treatment Ctr.*, 143 S.W.3d at 799 ("Cause-in-fact is not established where the defendant's negligence does no more than furnish a condition which makes the injuries possible.") *Doe*, 907 S.W.2d at 477 (explaining that defendant's conduct may be too attenuated to constitute legal cause of alleged injury "even if the injury would not have happened but for the defendant's conduct"). Evidence that shows only that the defendant's negligence did no more than furnish a condition that made the alleged injuries possible will not suffice as a matter of law to establish the cause-in-fact (substantial factor) or foreseeability components of proximate cause. *See IHS Cedar Treatment Ctr.*, 143 S.W.3d at 799; *Doe*, 907 S.W.2d at 477; *Union Pump*, 898 S.W.2d at 776; *Lear Siegler*, 819 S.W.2d at 472. Because we conclude that Conner Machine proved as a matter of law that its conduct was not the cause-in-fact of Cummings's injuries, we hold that summary judgment on Cummings's negligence claim was proper for want of evidence on the element of actual causation. *Doe*, 907 S.W.2d at 477 (citing *Prudential Ins. Co. v. Jefferson Assocs., Ltd.*, 896 S.W.2d 156, 164 (Tex. 1995)).

**Conclusion**

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice